■ ROBERT O'LEARY et al., Appellants, v WILLIAMSBURGH GENERAL HOSPITAL et al., Respondents.—In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Kings County, dated September 25, 1979, which dismissed the complaint as being time barred by the three-year Statute of Limitations. Order affirmed, with one bill of $50 costs and disbursements. (See *Florio v Cook,* 65 AD2d 548, affd 48 NY2d 792; *Merced v New York City Health & Hosps. Corp.,* 44 NY2d 398.) Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.

■ In the Matter of HENRY J. R. BROOKS, Petitioner, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated March 28, 1980, which affirmed an order of the State Division of Human Rights, dated April 6, 1979, dismissing petitioner's complaint upon a finding of no probable cause to believe that the New York City Health and Hospitals Corporation had engaged in an unlawful discriminatory practice. Order confirmed and proceeding dismissed, without costs or disbursements. On the record considered as a whole, there exists sufficient evidence to support the State Division of Human Rights finding that there was no probable cause to believe that the New York City Health and Hospitals Corporation had engaged in the unlawful discriminatory practice complained of. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.

■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, as Assignee of GLADYS C., Respondent, v GEORGE C., Appellant. —In a paternity proceeding, the appeal is from an order of the Family Court, Queens County, dated April 23, 1979, which, after a hearing, adjudged appellant to be the father of the child in question and directed him to pay support. Order affirmed, without costs or disbursements. The Family Court failed to set forth the essential findings upon which its order was based as required by section 165 of the Family Court Act and CPLR 4213. (See *Matter of Hawthorne v Edward S.,* 31 AD2d 426; *Matter of Harris v Doley,* 22 AD2d 769.) However, since the record here is complete, this court will make the required findings of fact in the interests of saving judicial time and further litigation. We find that petitioner clearly established that the mother solely dated and engaged in sexual relations with the appellant at the time of conception. Thus, it was demonstrated by clear and convincing evidence that appellant is the father of the child. Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.