■ In the Matter of RUSSELL E. PRIESTER, as Deputy Commissioner of the Saratoga County Department of Social Services, Respondent, v DARRELL HARP, Appellant. — Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered November 8, 1982, which, *inter alia,* directed respondent to pay $55 per week and $1,100 in arrearages for the support of his child. The record shows that petitioner commissioner has expended some $176.73 weekly for the support and therapy for respondent's 15-year-old son who had been adjudicated a juvenile delinquent and placed in foster care. Following a hearing to determine petitioner's costs, whether respondent is chargeable with support, and, if chargeable, the amount he is able to contribute thereto, the above-described order, from which respondent has appealed, was made.* Respondent first contends that the failure of the court to recite findings of fact in the support order is violative of CPLR 4213 (subd [b]), which provides, in pertinent part, that "[t]he decision of the court may be oral or in writing and shall state the facts it deems essential" to its determination (see *Matter of Jose L. I.,* 46 NY2d 1024, cert den 444 US 1087; *Matter of Commissioner of Social Servs. v George C.,* 78 AD2d 541; see, also, Family Ct Act, § 165). While the court need not set forth evidentiary facts, it must state ultimate facts, that is, those facts upon which the rights and liabilities of the parties depend (see *Rosen Trust v Rosen,* 53 AD2d 342, 361, affd 43 NY2d 693). However, since the record here is complete, this court is empowered to, and will make, the required findings of fact in the interests of saving judicial time and further litigation (*Matter of Commissioner of Social Servs. v George C., supra*). In exercising this authority, we are not unmindful of this court's recent decision in *Giordano v Giordano* (93 AD2d 310), where we declined to exercise our power to review the record and remitted the case to Family Court for an appropriate statement of facts. That case, however, may be distinguished as having dealt with a motion to modify a prior custody order, best resolved by the trial court. Here, effective appellate review of respondent's support obligations may properly be determined on the record before us. From this record, it appears that respondent has an annual income of $58,130, some $1,114.83 per week. Nevertheless, he alleges that the cost of living and his debt liquidation results in a deficit. However, he did receive an income tax refund of $3,200 and it appears that certain items claimed as monthly expenses could better be allocated for payment toward support and treatment of his son. For example, $220.21 for insurance, $17.67 for haircuts, $10.83 for small appliance repairs, $5.82 for salt, $12.73 for school supplies, and $850.03 for food can all be reduced to provide for payment of the modest sum of $55 per week for support.

* It appears that the child has been released from care. Therefore, the entire amount expended from June 24, 1982 to April 22, 1983, the release date, may be accurately determined.

Nor are we convinced that respondent will become a bankrupt if required to pay for his son's support. We have examined respondent's remaining contentions and find them to be without merit. Full and complete opportunity to adduce evidence was afforded. There was no need for his new attorney to again elicit information already before the court. Upon oral argument, petitioner's attorney conceded that respondent can only be liable for support from the date these proceedings were commenced. Accordingly, the order should provide that respondent is responsible for and shall pay $55 per week from July 20, 1982 until April 22, 1983. Respondent's argument that he was denied due process is unpersuasive. Having been questioned extensively during petitioner's direct case at the October 18, 1982 hearing, including exhaustive cross-examination by his then attorney, it was not error for the court to have refused to permit his new attorney to re-examine him on the same subject matter. Evidence of respondent's income, debts and family expenses was already before the court, which cannot be found to have abused its discretion in refusing to hear the same information a second time. Evidence of the circumstances pertaining to the placement of the child was irrelevant in these support proceedings and thus properly precluded. The court had power, irrespective of the amount demanded in the petition, to grant an amount appropriate to the proof adduced at the hearing for current support (*Matter of Silvestris v Silvestris,* 24 AD2d 247, 250-251) and the jurisdiction to assess arrears from the date of filing of the petition (*Matter of Hackett v Haynes,* 70 AD2d 1051, 1052). We do not find the sum of $55 per week to be either excessive or overburdening in view of respondent's gross salary of $58,130 per year, which is prima facie proof of his ability to pay (see *Badenhop v Badenhop,* 84 AD2d 773; *Matter of Roth v Roth,* 45 AD2d 758, 759), and the questionable amounts alleged as expenses. Order modified, on the facts, by deleting so much thereof as assessed support arrearages against respondent from July 2, 1982 to July 19, 1982, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

