■ CAROLINE BARATTA, Respondent, v RONALD R. BARATTA, Appellant. — In an action in which the plaintiff wife was granted a divorce, defendant husband appeals from an amended order of the Supreme Court, Suffolk County (Murphy, J.), entered April 12, 1983, which, after a hearing, *inter alia,* granted leave to the plaintiff to enter two judgments against the defendant for amounts representing arrears in payments due under a separation agreement incorporated but not merged into the judgment of divorce. ¶ Matter remitted to Special Term for further proceedings consistent herewith; appeal held in abeyance in the interim. ¶ The plaintiff wife has brought two applications to enforce obligations of the defendant husband arising out of their separation agreement. The first application culminated in an order directing defendant to pay $16,095.26 to the plaintiff subject to verification of the expenses claimed by the plaintiff. In the second application, plaintiff sought leave to enter a judgment in the amount set by the prior order, as well as an additional $27,753.32, for further expenses. Special Term granted plaintiff leave to enter judgments in the principal sums of $16,095.26 and $19,656.61. With respect to the second amount, while the court made findings as to certain of the expenses such as clothing expenditures, camp fees and a birthday party for one of the children, it failed to specifically determine which of the other claimed expenses fell within the defendant's obligations and which were adequately verified by the plaintiff. The court's failure to comply with its duty to "state the facts it deems essential" to its decision (CPLR 4213, subd [b]), has made intelligent judicial review of its decision impossible (see *Berlin v Berlin,* 60 AD2d 861; *Alleyne v Alleyne,* 46 AD2d 785). ¶ Accordingly, the appeal is held in abeyance and the matter is remitted to Special Term for formulation of findings of fact essential to its decision. Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.