■ In the Matter of CONSTANCE M. IVES, Appellant, v RALPH IVES, Respondent. — Appeals (1) from an order of the Family Court of Albany County (Coffey, Jr., J.), entered January 12, 1984, which dismissed petitioner's application for modification of a support order, and (2) from an order of said court, entered February 22, 1984, which denied petitioner's application for counsel fees.

Petitioner contends that Family Court erred in failing to comply with statutory mandates and applicable case law when it denied her request to increase an existing Family Court order dated November 26, 1975, which, pursuant to stipulation of the parties, fixed the amount of support to be paid by respondent (see Family Ct Act, § 413).

The record demonstrates that the respective financial statuses of the parties were before the court and explored in detail at a hearing where both parties were subjected to cross-examination. Although the written decision of the court upon which its order was based did not contain evidentiary facts, it adequately stated the ultimate facts upon which the parties' rights and liabilities depended (see *Matter of Jose L.I.,* 46 NY2d 1024; *Matter of Priester v Harp,* 99 AD2d 900; *Matter of Commissioner of Social Servs. of City of N.Y. v George C.,* 78 AD2d 541). Moreover, while section 413 of the Family Court Act enumerates the factors to be considered by a court in awarding child support, there is no requirement that they be enumerated in the court's decision (see CPLR 4213, subd [b]).

Since petitioner alleges a mere change in circumstances as a basis for increased support, this proceeding is one to readjust the respective obligations of the parties (see *Matter of Brescia v*

*Fitts*, 56 NY2d 132). Accordingly, to succeed, petitioner must demonstrate that the stipulation and resulting order in 1975 were unfair and inequitable when entered into or that an unanticipated and unreasonable change in circumstances has occurred (*supra*, at p 138). This record does not support such conclusions. Additionally, any claim for increased support for college education is premature (*Matter of F.L.C. v E.W.P.*, 49 AD2d 263, 267).

The decision of Family Court on these issues and the request for counsel fees should therefore not be disturbed (see *Walsh v Walsh*, 92 AD2d 345).

Orders affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.