OPINION OF THE COURT
Memorandum.
In proceeding No. 2, this appeal should be dismissed, without costs, on the ground that no substantial constitutional question is directly involved in this unconsolidated, separate proceeding.
In proceeding No. 1, the order of the Appellate Division should be affirmed, with costs. We ground our determination in the analysis of the constitutional issues set forth in the opinion of Justice John T. Casey at the Appellate Division (97 AD2d 263).
The constitutional rights of the natural father were not violated in the circumstances disclosed in the record in this case. As the Family Court found, the contacts between the father and the son were minimal. Because of the son’s infancy, responsibility for the development of a meaningful parent-child relationship necessarily rested with the father who never established a relationship of significance in either duration or quality. He lived with the baby boy for only the first five months following the baby’s birth, after which he and the boy’s mother separated in April, 1978. Family Court found that from that date until he was *1016 incarcerated in connection with his criminal charge in July, 1979, the father made only two or three visits and failed to keep several scheduled appointments because of his intoxication. Although for some months payment of the $20 per week support obligation was continued, support payments were substantially in arrears at the time of the Family Court hearing.
On December 11, 1979, the father was convicted on a felony charge of arson in the third degree, and on January 17,1980 he was sentenced, as a second felony offender, to a term of 7Vfe to 15 years, thereby, by his own conduct, raising doubt as to his fitness as a father of an infant child and effectively precluding the initiation or maintenance of any significant father-son relationship in the boy’s early formative years.
We conclude that, in the circumstances, Family Court’s application of the provisions of section 111 (subd 2, par [d]) of the Domestic Relations Law (which Justice Casey properly held granted authority to dispense with the father’s consent to the proposed adoption but did not mandate that such consent be dispensed with) did not deprive this natural father of any right constitutionally assured to him.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
In proceeding No. 2: Appeal dismissed, without costs.
In proceeding No. 1: Order, insofar as appealed from, affirmed, with costs.