■ In the Matter of the Adoption of CASSANDRA M. MATTHEW K., Respondent; MARK M., Appellant. — Weiss, J.

Respondent is the natural father of a child born in October 1979, approximately five months after the natural parents were married. In April 1981, respondent was sentenced to an indeterminate term of 3½ to 7 years' imprisonment in a State correctional facility.[*] Thereafter, the natural parents were divorced in May 1982, with the mother retaining custody of the child. The natural mother remarried and her husband petitioned to adopt the child. Respondent appeared in opposition and requested a denial of the petition or, alternatively, a formal hearing. Although recognizing that factual issues existed relevant to the best interest of the child and respondent's intent to abandon his parental rights, the Surrogate concluded that respondent was precluded from withholding his consent solely due to his incarceration, as required by Domestic Relations Law § 111 (2) (d). As a result, the Surrogate granted the petition without first according respondent a formal hearing. This appeal by respondent ensued.

We reverse. Domestic Relations Law § 111 (2) (d), which dispensed with parental consent to the adoption of a child by one who has been deprived of his civil rights (Civil Rights Law § 79 [1]) was repealed, effective January 1, 1984 (L 1983, ch 911, §§ 4, 6). The act, however, specifically provides that it shall not affect, impair or restore any right or interest conferred or terminated

---

[*] The nature of the crime for which respondent was convicted is undisclosed.

prior to the effective date (L 1983, ch 911, § 6) and thus enjoys prospective application only (*Matter of Joseph LL.,* 97 AD2d 263, 264, n, *affd* 63 NY2d 1014). Since this proceeding was commenced prior to the effective date, respondent's attempt to invoke the amendment to Domestic Relations Law § 111 cannot succeed.

Nonetheless, it is quite clear that the Surrogate misconstrued the purport of section 111 (2) (d) and effectively imposed an irrebuttable presumption that an incarcerated parent is unfit, thereby depriving respondent of his due process rights (*see, Matter of Joseph LL., supra,* p 267; *see also, Lehr v Robertson,* 463 US 248, 258-260; *Stanley v Illinois,* 405 US 645, 656-658). It is not the statute by itself, but, rather, the statute coupled with the absence of a meaningful parent-child relationship, which precludes the natural father from withholding consent (*Matter of Joseph LL., supra,* p 267). Since respondent's rights and the child's best interest necessitate an examination of the relationship between them, it was incumbent upon the Surrogate to determine if a meaningful relationship existed and, if so, whether granting the adoption would be in the child's best interest (*supra,* pp 1015-1016; *see, Lehr v Robertson, supra,* pp 256-258, 261-263). The record confirms that no such inquiry was made. Accordingly, the matter should be remitted to the Surrogate for an appropriate hearing to determine the existence or nonexistence of a meaningful parent-child relationship and the best interest of the child.

Order reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Franklin County for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.