■ BARRY W. RAFF, Appellant, v ANNE M. RAFF, Respondent.—In a matrimonial action, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Burchell, J.), entered November 29, 1984, as (1) awarded the defendant $175,000 as her equitable share of the plaintiff's medical license, and (2) awarded attorney's and expert's fees to the defendant.

Judgment modified, by deleting the third decretal paragraph. As so modified, judgment affirmed insofar as appealed

from, without costs or disbursements, and matter is remitted to Supreme Court, Westchester County, for further proceedings consistent herewith.

With respect to the issue of the value of the plaintiff's medical license, we note that in *O'Brien v O'Brien* (66 NY2d 576), the Court of Appeals held that a medical license acquired by one spouse during the course of a marriage is marital property within the meaning of Domestic Relations Law § 236 (B) (1) (c) and is therefore subject to equitable distribution pursuant to section 236 (B) (5) of that law. The court further noted that the value of such a license was "the enhanced earning capacity it afford[ed] the holder" *(O'Brien v O'Brien, supra,* p 588).

In the instant case, the parties were married on June 15, 1974. The plaintiff husband was over 30 years old at that time, and he had held a degree in engineering since 1964, and an advanced degree (Master of Science) in engineering since 1967, and had worked as an engineer. However, at the time of the marriage, the plaintiff had left his engineering employment and was applying to various medical schools in the United States and abroad. In September 1974 the plaintiff was admitted to a medical school in Switzerland, and he and the defendant, his wife, left for Europe. The plaintiff pursued his medical training in Switzerland until 1976, when he transferred to a medical school in Boston where he completed his medical studies in May of 1979. After graduation, the plaintiff began work as an intern at a hospital. After his internship, he was employed as a resident at another hospital. In July of 1982 the parties moved to Rye, New York. The plaintiff took the examination for board certification as a specialist in internal medicine in September 1982, and was notified that he had passed in January of 1983. This action for divorce was commenced in February of 1983.

At the trial, an expert called to testify for the plaintiff stated that the plaintiff's enhanced earning capacity as a result of his recently acquired medical license (as compared to his earning potential as an engineer) was valued at $80,500; the defendant wife's expert testified that the enhanced lifetime earning capacity of the plaintiff was valued at $422,161. While the trial court determined that the plaintiff's enhanced lifetime earning capacity was $600,000, it failed to set forth the facts in support of its conclusions as required by CPLR 4213. We note in this regard that each party's expert advanced different theories supporting each valuation. Moreover, the trial court awarded the wife $175,000 as her equitable

share of this marital property without setting forth its reasons for such an award, and despite its findings that "[the] defendant earned $143,190.00 during the marriage while [the] plaintiff earned only $42,898. Thus, the overall ratio of her contributions to those of her husband were three-to-one. More importantly, however, is the fact that she produced substantial earnings during those years when [the] plaintiff had none, and her economic support was the sine qua non to her husband's accomplishments".

Accordingly, a new trial is warranted with respect to the issues of the valuation of the plaintiff's enhanced earning capacity as a result of his medical license, and the defendant's equitable share thereof.

We further find that under the circumstances herein, the awards of counsel and expert witness fees to the defendant were appropriate. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.