■ In the Matter of BEREL ZISMAN et al., Respondents. PHILIP DRELICH, Appellant. (Proceeding No. 1.) In the Matter of BEREL ZISMAN et al., Respondents. PHILIP DRELICH, Appellant. (Proceeding No. 2.)—In two adoption proceedings, the natural father Philip Drelich, appeals from two orders of the Surrogate's Court, Kings County (Bloom, S.), dated December 6, 1983, which allowed the adoptions of Elliot R. Drelich and Shraig F. Drelich by their maternal grandparents, the petitioners.

Ordered that the orders are affirmed, without costs or disbursements.

The Surrogate failed to set forth essential findings of fact as required by CPLR 4213 (b) and SCPA 102 (see, Baratta v Baratta, 102 AD2d 838). However, the record is sufficiently complete to permit intelligent appellate review, and thus, this court will make the requisite findings of fact in the interests of judicial economy and avoiding unnecessary future litigation (Matter of Commissioner of Social Servs. v George C., 78 AD2d 541; Motorola Communications & Elecs. v National Equip. Rental, 74 AD2d 564).

The appellant was convicted of murdering his 23-year-old pregnant wife and sentenced to a term of 25 years to life

imprisonment, which judgment was affirmed by this court *(People v Drelich,* 123 AD2d 441). At the time of the killing on April 14, 1979, their son Shraig was approximately three years old, and their son Elliot was approximately one year old. The appellant also murdered his business partner, for which he was also convicted and sentenced to 25 years to life, which sentence was consecutive to that imposed on the conviction for the murder of his wife. This judgment was also affirmed *(People v Drelich,* 109 AD2d 1107, *lv denied* 65 NY2d 694). As a result of the appellant's lengthy period of incarceration it will be impossible for him to ever develop a meaningful relationship with his children *(see, Matter of Joseph LL.,* 97 AD2d 263, 265-266, *affd* 63 NY2d 1014; *Matter of Anonymous,* 104 Misc 2d 985, 992; *Matter of Ginnan,* 101 Misc 2d 853, 861).

Moreover, we find that the petitioners, the maternal grandparents who have had custody of the children, continuously since May 25, 1979, shortly after their mother's murder, have provided them with a loving and caring home, and have adequate means to support them. Under the circumstances, therefore, it is apparent that adoption is in the children's best interest *(see, Matter of Joseph LL., supra,* at 267; *Matter of Ginnan, supra,* at 861). Finally, it is clear that under the facts of this case, the Surrogate's dispensing with the appellant's consent to these adoptions pursuant to former Domestic Relations Law § 111 (2) (d) (which was still in effect at the time of his ruling) did not violate the appellant's constitutional right to substantive due process *(see, Matter of Joseph LL., supra,* at 266-267; *Matter of Eric J.B.,* 92 AD2d 917; *cf., Matter of Cassandra M.,* 110 AD2d 942, 943). Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.