■ CORENE E. WINTERS, Respondent, v BRUCE G. WINTERS, Appellant.—Order unanimously reversed on the law without costs and matter remitted to Onondaga County Family Court for further proceedings, in accordance with the following memorandum: Family Court, in modifying a Hearing Examiner's order of support, is not bound by the Hearing Examiner's findings (Family Ct Act § 439 [c], [e]), but may make its own findings of fact. Moreover, in our view, Family Court was not bound by the amount of support requested in the petition, but was free to award an amount appropriate to the proof adduced at the hearing *(see, Matter of Priester v Harp,* 99 AD2d 900, 901; *Matter of Silvestris v Silvestris,* 24 AD2d 247, 250-251; *see also,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 423, at 163).

However, Family Court erred by rejecting respondent's objections and making new findings of fact without reviewing the transcript of the hearing held before the Hearing Examiner. Uniform Rules for Trial Courts (22 NYCRR) § 205.37 (c), in effect at the time, provided that the transcript of the proceeding must be furnished to the court "unless waived by both parties and agreed to by the Court". We find no evidence

of waiver upon our review of this record. Therefore, the order of Family Court is reversed and the matter is remitted to Onondaga County Family Court for a determination of respondent's objections to the order of the Hearing Examiner following a review of the transcript of the hearing. (Appeal from order of Onondaga County Family Court, McLaughlin, J.—support.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.