■ In the Matter of WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of PATRICIA C. GREICO, Appellant, v DANIEL CRUZ, Respondent.—In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Westchester County (Barone, J.), dated February 9, 1989, which sustained the father's objections to an order of the same court (Miklitsch, H.E.), dated October 25, 1988, directing payment of $300 per month in child support and $1,500 in arrears, to the extent of reducing

the award. of support to $150 per month and the arrears to $750.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings on the father's objections.

The Family Court failed to comply with its duty to "state the facts it deems essential" to its decision (CPLR 4213 [b]; Family Ct Act § 165) and, in light of the sparse record herein, this court cannot make proper findings of fact on the issue of downward modification of the Hearing Examiner's support order (see, Matter of Jose L.I., 46 NY2d 1024; McDermott v McDermott, 124 AD2d 715; Raff v Raff, 120 AD2d 507; Baratta v Baratta, 102 AD2d 838; Matter of Priester v Harp, 99 AD2d 900; Matter of Van Dyck v Van Dyck, 96 AD2d 629; Zaransky v Zaransky, 79 AD2d 989).

Further, the court appears to have relied only upon the unsworn assertions of the father in reducing the award of support, which was improper (see, Matter of Nowacki v Nowacki, 90 AD2d 795; Matter of Eason v Eason, 86 AD2d 666; Matter of Smith v Smith, 70 AD2d 938). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.