■ In the Matter of Rosiana C., Appellant, v Pierre S., Respondent. [594 NYS2d 316] —In a custody proceeding pursuant to Family Court Act article 6, the petitioner mother appeals from an order of the Family Court, Kings County (Nason, J.), dated April 6, 1990, which awarded permanent custody of the parties' daughter to the father.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Family Court,

Kings County, for the appointment of a law guardian for the parties' child and for a new hearing and determination with respect to the custody of the child in accordance herewith; in the interim the child shall remain with the father.

The parties' daughter, Patricia, was born in 1985. The mother and father, who had never married, separated in 1989. After the separation, the mother rented an apartment where she and Patricia resided together with the mother's children from a previous marriage. Approximately four months later, the father removed the child from the mother's custody without her permission. At the time the father took the child, there was no order of filiation establishing his paternity.

The mother then commenced a proceeding in the Family Court, Kings County, seeking the return of the child. A hearing was ultimately conducted, after which the court awarded custody to the father—over the recommendation of the Child Welfare Bureau caseworker—upon the sole ground that the accommodations which the mother could offer Patricia were too crowded and less desirable than those available at the father's apartment. We reverse.

The paramount consideration for the court in rendering a custody ruling is the best interests of the child (see, Domestic Relations Law §§ 70, 240; Friederwitzer v Friederwitzer, 55 NY2d 89; Eschbach v Eschbach, 56 NY2d 167; Matter of Krebsbach v Gallagher, 181 AD2d 363). Although a custody determination rests to a great extent upon the trial court's assessment of credibility, temperament, and sincerity, this Court's authority in custody matters is as broad as that of the trial court (see, Matter of Krebsbach v Gallagher, supra). Further, the deference ordinarily given to a trial court's findings is not warranted where its determination " 'lack[s] a sound and substantial basis in the record' " (Linda R. v Richard E., 162 AD2d 48, 50; Fox v Fox, 177 AD2d 209, 211-212; Keating v Keating, 147 AD2d 675).

Upon the record before us, we find that the court's determination lacks a "sound and substantial" basis in the record (Fox v Fox, supra; Keating v Keating, supra). Although the living arrangements which a party can offer a child constitute a relevant consideration in applying the "best interests" test (Keating v Keating, supra), the mere fact that the mother's accommodations were not as spacious as those available at the father's apartment was, by itself, an insufficient basis upon which to make an award of custody in the case at bar. Furthermore, the record fails to support the court's conclusion that the accommodations available at the mother's apartment

were, in any meaningful sense, less desirable than those available at the father's apartment. Although the evidence adduced at the hearing established that Patricia shared a bedroom with two stepsisters and a female relative, the report of the Bureau of Child Welfare caseworker found that the mother's household was a viable, healthy environment and that the sleeping arrangements and the care provided by the mother were adequate. The record contains no evidence that the accommodations at the mother's apartment were inadequate or in any way detrimental to the child's emotional or physical health.

Moreover, in making its decision, the court gave no consideration whatsoever to the various additional factors which we have described as relevant to the making of a proper custody award, *i.e.*, the parental guidance the custodial parent provides for the child; the ability of each parent to provide for the child's emotional and intellectual development; the financial status and ability of each parent to provide for the child; the overall relative fitness of the parties and the length of time the present custody determination has been in effect; and one parent's use of self-help in removing the child from the other parent's custody (*see, Matter of Krebsbach v Gallagher,* 181 AD2d 363, *supra; Keating v Keating,* 147 AD2d 675, *supra; Ideman v Ideman,* 168 AD2d 1001; *cf., Matter of Nehra v Uhlar,* 43 NY2d 242).

Under the circumstances, we conclude that the matter must be remitted for a new hearing at which the court shall consider the full range of factors pertinent to an award of custody. Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.