■ YUEN YU CHAO, Respondent, v HSUEH HORNG CHANG et al., Appellants, et al., Defendant. [597 NYS2d 81] —In an action to recover a down payment under a canceled contract for the sale of real property, the defendants Hsueh Horng Chang and Hsueh Ying Wu appeal from a judgment of the Supreme Court, Queens County (Durante, J.), entered August 13, 1990, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal amount of $19,100.

Ordered that the judgment is affirmed, with costs.

The trial court failed to set forth essential findings of fact as required by CPLR 4213 (b). However, because the record is sufficiently complete to permit intelligent appellate review, this Court will make the requisite findings of fact (see, Matter of Zisman, 128 AD2d 789).

The plaintiff buyer and the defendants sellers entered into a contract for the sale of real property. The contract provided: "This contract is conditioned upon purchaser's obtaining of a conventional mortgage in the amount of $100,000.00 for a period of 25/30 years at the prevailing rate of interest within 45 days from date hereof. In the event that purchaser should fail to obtain such mortgage then either party may cancel the contract upon written notice to the other attorney [and] upon cancellation the deposit paid hereunder shall be returned in full."

After making several unsuccessful attempts to obtain a mortgage, the buyer canceled the contract and requested a return of her deposit. The sellers refused to return the money, apparently unconvinced that the buyer had made sufficient efforts to obtain a mortgage. The buyer then commenced this action. At a nonjury trial, the buyer presented evidence that she made three separate attempts to obtain a mortgage, and that she was unable to qualify for a mortgage. The evidence thus established that the buyer's efforts were sufficient to fulfill her responsibility under the contract (see, Macho Assets v Spring Corp., 128 AD2d 680). Accordingly, she is entitled to a return of her down payment. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.