■ Robert D. England, Jr., et al., Respondents, v Keith Nettesheim et al., Appellants. [634 NYS2d 797] —Crew III, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered October 20, 1994 in Saratoga County, upon a decision of the court in favor of plaintiffs, and (2) from the judgment entered thereon.

On February 1, 1991, the parties entered into a contract for the sale of defendants' home located in the Town of Wilton, Saratoga County. The purchase price was $164,500 and the

---

closing was set for April 26, 1991. Insofar as is relevant to this appeal, the contract in question was subject to two addenda: addendum B, which the parties refer to as the appraisal contingency, and addendum D, which the parties refer to as the water test contingency. The appraisal contingency provided, *inter alia*, that the purchase offer was contingent upon the preparation of an appraisal and inspection report which, in turn, was subject to the review and approval of plaintiff Robert D. England, Jr.'s (hereinafter England) employer, State Farm Mutual Automobile Insurance Company. The appraisal contingency further provided that in the event that the appraisal did not support the purchase price, plaintiffs retained the right to terminate the contract. Similarly, the water test contingency provided that the contract was contingent upon, *inter alia*, a satisfactory well water flow test.

On February 7, 1991, the appraisal report was forwarded to State Farm indicating an appraised value of $162,000, $2,500 less than the purchase price. Also on that date, inspections of the property were conducted and revealed, *inter alia*, certain defects in the electrical system and evidence of termites. The parties' subsequent attempts to resolve these problems were unsuccessful, and by letter dated April 19, 1991 plaintiffs terminated the contract based upon the appraisal contingency. This letter also made reference to a failed water flow test.* Defendants subsequently sold the property to a third party in April 1992 for $143,000.

Plaintiffs commenced this action alleging, *inter alia*, that defendants failed to refund their deposit after they invoked the relevant contingency clauses and failed to make repairs to the premises in accordance with the contract. Defendants answered, raising the affirmative defenses of waiver and estoppel, and counterclaimed for breach of contract. Following a non-jury trial, Supreme Court declared the contract a nullity, finding no waiver, no estoppel and no breach of contract. Supreme Court further found, *inter alia*, that the low appraisal provided a sufficient basis for terminating the contract and awarded plaintiffs the $7,000 deposit, plus interest from the date of the contract. This appeal by defendants followed.

Initially, we note that although Supreme Court's oral decision in this matter was exceedingly brief, the record before us is sufficient to permit intelligent appellate review, and this

---

* Although the existing well passed a flow test on February 7, 1991, the termite treatment necessitated relocation of the well and the newly dug well failed its initial flow test conducted on April 18, 1991.

Court is vested with the authority to make the required findings of fact (*see, Yuen Yu Chao v Hsueh Horng Chang*, 192 AD2d 649). Turning to the merits, defendants first contend that plaintiffs either waived or should be estopped from asserting their right to terminate the contract based upon the appraisal contingency. We cannot agree. "A waiver is 'the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it' " (*Werking v Amity Estates*, 2 NY2d 43, 52 [quoting Whitney, Contracts, at 273 (4th ed)], *appeal dismissed, cert denied* 353 US 933; *see, Frontier Ins. Co. v State of New York*, 197 AD2d 177, 183). "An estoppel, on the other hand, may be imposed by law in the interest of fairness where one party, justifiably relying upon the word or conduct of another, changes its position to its detriment" (*Inter-Power of New York v Niagara Mohawk Power Corp.*, 213 AD2d 110, 114; *see, Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184). Based upon our review of the record as a whole, we are unable to conclude that defendants established either of these affirmative defenses.

England testified that although he was advised by State Farm in February 1991 that the appraisal report was "OK", he was not aware of the contents of the report until April 1991. Additionally, although it appears that the realtor, who was acting as the agent for defendants, was aware of the contents of the appraisal report prior to April 1991, there is no indication that she informed plaintiffs of the appraised value of the property prior to this date. Moreover, to the extent that plaintiffs attempted to work with defendants to resolve the various problems with the electrical system and termite infestation, we do not believe that their conduct in this regard either clearly manifested an intention to waive the protection afforded by the contingency clause (*see generally, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968) or affirmatively misled defendants into believing that the clause would not be enforced (*see generally, Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184, *supra*). Finally, we note that the subject appraisal clause contained no time limitation (*see, Tendler v Lazar*, 141 AD2d 717, 720), and under the circumstances present here we do not believe that the resulting delay was unreasonable. Accordingly, we are of the view that Supreme Court correctly concluded that no waiver occurred and no estoppel should be imposed.

Defendants' remaining contentions do not warrant extended discussion. Having concluded that plaintiffs properly exercised their right to terminate the contract based upon the appraisal

contingency, we need not consider whether the subsequent problems with the relocated well provided an independent basis for terminating the contract. As for defendants' assertion that their failure to perform certain repairs with respect to, *inter alia*, the electrical system cannot serve as yet another basis for plaintiffs' termination of the contract, we note that Supreme Court implicitly agreed with defendants on this point by finding that no breach of contract occurred. Accordingly, this particular issue is not before us.

We do, however, agree with defendants that Supreme Court's decision to award predecision interest was erroneous. CPLR 5001 (a) provides, in relevant part, that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract * * * except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion". Although plaintiffs argue that defendants "breached" the appraisal contingency by refusing to refund their deposit, Supreme Court specifically found that neither party was in breach of the agreement. Additionally, inasmuch as Supreme Court found that both parties exercised good faith in this transaction, this does not appear to be an instance where a discretionary award of interest would be appropriate. The parties' remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as awarded plaintiffs predecision interest, and, as so modified, affirmed.