■ In the Matter of VERONICA SCHINDLER, Appellant, v STEVEN SCHINDLER, Respondent. [643 NYS2d 196] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Palmer, J.), dated August 15, 1994, which after a hearing, continued custody with the father and granted the mother visitation.

Ordered that the order is affirmed, with costs.

The parties executed a separation agreement in December 1990 wherein the father was given physical custody of the children and the mother was to have visitation rights. Thereafter, the father relocated to New Jersey.

In May 1993 the mother commenced this proceeding to obtain custody of the infant children. After a hearing, the Family Court continued custody with the father and visitation to the mother.

When reviewing a custodial parent's request to move to a new locale, the court's primary focus must be on the best interests of the child (see, Matter of Tropea v Tropea, 87 NY2d 727; Matter of Browner v Kenward, 87 NY2d 727). Additional factors may also be considered by the court, including, but not limited to the "parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents * * * the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (Matter of Tropea v Tropea, supra, at 740-741).

Here, the Family Court focused on the best interests of the children in determining that custody of the two children should continue with the father who has been the primary caretaker of the children since January 1991. Accordingly, the order appealed from should be affirmed. O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.