■ FUTIA REALTY COMPANY, INC., Appellant, v OLC ASSOCIATES LIMITED PARTNERSHIP et al., Respondents. [644 NYS2d 420] —Crew III, J.

In 1989 Eugene Weiss, a limited partner in defendant OLC Associates Limited Partnership, which consists of, among others, defendant IKS, Inc., executed a memorandum of intent, pursuant to the terms of which Weiss agreed to purchase certain assets held by plaintiff's shareholders. The agreement provided that Weiss or his buyer entity would assume certain indebtedness, including a debt owed to plaintiff by Delta D & I Corporation, a related corporation in which Francis Futia was a shareholder, which was payable in a lump sum five years after the date of the closing. The closing apparently occurred on July 12, 1989, at which time Weiss assigned his rights and obligations under the agreement to defendants, and the "Futia Realty debt", as it was known, was booked as a liability on OLC's financial statements.

In January 1995, plaintiff apparently demanded payment of the outstanding debt, and when defendants refused plaintiff commenced this action. Following joinder of issue and discovery, plaintiff moved for summary judgment. Supreme Court

denied the motion, finding that a question of fact existed as to whether the Statute of Frauds had been violated and, further, whether Delta was a necessary party. This appeal by plaintiff followed.

There must be a reversal. The agreement executed by Weiss in April 1989 provided that he would assume certain indebtedness, including the related corporate debt, i.e., the Futia Realty debt, which "shall be approximately $182,000 at [c]losing and shall be rewritten to be payable in one lump sum, without interest, five (5) years after [c]losing". The agreement further provided that "[t]hese assumed debts are liabilities which are now, and shall be at [c]losing, owed to those parties by [among others, Delta]".

Although defendants argue that the phrase "shall be rewritten" required the execution of a separate writing to evidence this debt and, hence, that the absence of such a writing violates the Statute of Frauds, we cannot agree. Based upon our reading of the agreement as a whole, we interpret the clause in issue to mean simply that the debt, the stated sum of which was approximated as of the date of the execution of the memorandum of intent, was to be recalculated or recomputed at the time of the closing.* Accordingly, we reject any assertion that the agreement itself is ambiguous or, on its face, required the execution of a separate writing to evidence the existence of the subject debt. As the underlying agreement, which set forth all the material terms of the transaction, was signed by Weiss and his liability thereunder is clear, we perceive no violation of the Statute of Frauds (see generally, Durante Bros. Constr. Corp. v College Point Sports Assn., 207 AD2d 379).

Moreover, we are of the view that defendants are estopped from asserting the Statute of Frauds as a defense in any event (see generally, England v Nettesheim, 222 AD2d 825, 827 [estoppel may be imposed by law in the interest of fairness where one party, justifiably relying upon the word or deed of another, changes its position to its detriment]). The record indicates that property was conveyed to defendants in exchange for, inter alia, Weiss' assumption of certain indebtedness owed to plaintiff. Having received the full benefit of their bargain, equity simply will not permit defendants to now avoid payment of a debt that formed a portion of the consideration for the underlying transaction.

---

* To the extent that defendants argue that this interpretation of the agreement is being advanced by plaintiff for the first time on appeal and, therefore, is not properly before this Court, we need note only that the interpretation of a written agreement is a legal issue for the court to resolve in the first instance.

As a final matter, although plaintiff plainly is entitled to partial summary judgment as to liability, the record reveals that the amount of the debt actually due is somewhat unclear. At the time of the closing, the subject indebtedness was listed as a liability on OLC's financial statements in the amount of $142,619. Defendants thereafter apparently made payments to certain of plaintiff's individual shareholders for which defendants took a credit against the Futia Realty debt. Thus, the most recent financial statement in the record reflects a debt in the amount of $135,063.94. As the precise amount due plaintiff cannot be determined from this record, we are unable to grant plaintiff's motion in its entirety. Defendants' remaining contentions, including their assertion that the action should be dismissed for plaintiff's failure to join Delta as a necessary party, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted to the extent that plaintiff is awarded partial summary judgment on the issue of liability.

