In the Matter of Christopher C. DiMedio, Respondent, v Gina T. DiMedio, Appellant. [650 NYS2d 746] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), entered May 16, 1995, which, after a hearing, awarded sole custody of the parties' child to the father.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new hearing in accordance herewith.

The parties are the parents of a daughter, Dina, born June 21, 1992. Following their separation, the parties stipulated to a joint custodial arrangement which provided, *inter alia,* for alternating weekly periods of custody with each parent. The parties further agreed that Dina would have daily telephone contact with whomever was not the custodial parent on that day. Finally, the parties stipulated that unless they agreed to the contrary, Dina, who was approximately two years old at the time of the stipulation, would attend Newburgh schools.

On December 1, 1994, exactly 16 days *before* the parties' stipulation regarding custody was memorialized in an order, the father filed a Family Offense petition seeking an order of protection based upon allegations that on November 30, 1994, while exchanging custody, the mother became abusive and an altercation occurred which culminated in the father and Dina being struck by the mother's car as she drove off. While the Family Offense petition was pending, on January 24, 1995, the father petitioned for sole custody based upon allegations, *inter*

*alia,* that the mother had threatened to commit suicide, was emotionally unstable, had interfered with telephone contact between Dina and him, and had failed to enroll in the parent education "PEACE" program as directed by the order regarding joint custody. The mother cross-petitioned for sole custody claiming that the father's allegations constituted harassment and were totally fabricated.

The Family Court conducted a hearing on the petitions and cross-petition. The court heard testimony regarding the November 30, 1994, incident as well as other matters of discord between the parties which impacted upon their ability to continue joint custody. Moreover, it was at this hearing that the mother first revealed that she had moved approximately 40 miles from Newburgh to Lake Katrine, where she shared a home with a man whom she intended to marry, and his 10-year-old son. The mother testified that if she received sole custody of Dina she would be a full-time mother and would not be employed outside of the home. The father suggested that if he received sole custody, he would place Dina in the care of the baby sitter the parties had employed prior to their separation. Dina would continue to reside with him in the former marital residence.

At the conclusion of the hearing the court dismissed the Family Offense petition finding the father's testimony to be unpersuasive. The court rejected the Law Guardian's recommendation of continued joint custody due to the parties' apparent inability to get along. Instead, the court granted sole custody to the father based upon the child's "familiarity with the home environment" in Newburgh, and because the parties had agreed that Dina would attend Newburgh schools. The mother now appeals.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child (*see,* Domestic Relations Law § 70 [a]; *see also, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89). Furthermore, the Family Court is required to state the facts it deems essential to its decision (*see,* CPLR 4213 [b]; Family Ct Act § 165; *see also, Matter of Westchester County Dept. of Social Servs. [Greico] v Cruz,* 170 AD2d 685; *see also, Matter of Miller v Miller,* 220 AD2d 133). As indicated above, the court awarded custody of Dina to the father based upon two findings; that then two and one-half year old Dina was familiar with the father's Newburgh home and that the parties had previously agreed that she would attend Newburgh schools.

Upon the record before us we conclude that the court's determination " 'lacks a sound and substantial basis in the record' " (*Matter of Rosiana C. v Pierre S.,* 191 AD2d 432, 433). The court failed to address any of the allegations in the parties' petitions relating to custody. The court's decision did not discuss the mother's alleged interference with visitation nor did it deal with the allegations of the mother's mental instability. Instead, in effect, the court summarily determined that a 40-mile relocation by the mother warranted a change of custody (*cf., Matter of Tropea v Tropea,* 87 NY2d 727). The court did not receive sufficient evidence to determine whether the relocation would be in Dina's best interest. The court failed to discuss the potential impacts of sole custody with the father in Newburgh as opposed to custody with the mother in her new home. It is also noteworthy that notwithstanding the serious allegations of the mother's instability, the court failed to order forensic evaluations which might have also aided the court in assessing the veracity of the father's allegations.

Nor did the court consider general, relevant, custody factors such as the parents' respective abilities to care for Dina's emotional and intellectual development, the quality of their respective home environments, and their respective fitness and parenting abilities (*cf., Hanway v Hanway,* 208 AD2d 499). Finally, notwithstanding that the parties had agreed to joint therapy as a condition of their prior joint custodial arrangement and that an allegedly significant argument erupted in the therapist's presence, no testimony was taken from the parties' therapist. In short, the court failed to conduct an adequate hearing to provide it with the necessary information to enable it to render an informed custody determination. Under the circumstances, we conclude that the matter must be remitted for a new hearing at which the court shall consider the full range of factors pertinent to an award of custody (*see, Matter of Rosiana C. v Pierre S.,* 191 AD2d, *supra,* at 434; *see also, Koppenhoefer v Koppenhoefer,* 159 AD2d 113). Miller, J. P., Ritter, Krausman and Florio, JJ., concur.