■ In the Matter of JOHN FRAYNE, Respondent, v MONIKA FRAYNE, Appellant. [651 NYS2d 583] —In a proceeding pursuant

to Family Court Act articles 6 and 8 for custody, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Dutchess County (Brands, J.), entered February 20, 1996, which (1) conditioned her custody of the parties' children on relocating her residence to a distance no greater than forty-five miles from the marital residence and, (2) set forth certain requirements with respect to visitation.

Ordered that the order is modified, on the law, by deleting the provision thereof requiring the mother to relocate to within forty-five miles of the marital residence.

The parties are the parents of two young children. After their separation the mother sought full time employment and eventually accepted a job in Suffolk County some two and one-half hours drive from the marital residence. Both parties commenced family offense and custody proceedings which were consolidated in the Family Court, Dutchess County. After a hearing the court awarded the mother custody, conditional on her relocating within forty-five miles of the marital residence in East Fishkill, and granted liberal visitation to the father.

The basis of the court's determination granting only conditional custody, to wit: the mother's failure to demonstrate "economic necessity", for her relocation, was later repudiated in *Matter of Tropea v Tropea* (87 NY2d 727). "When reviewing a custodial parent's request to move to a new locale, the court's primary focus must be on the best interests of the child" (*Matter of Schindler v Schindler*, 227 AD2d 634). These factors include, but are not limited to, the "parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents" as well as "the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741, *supra*).

Under all the circumstances presented, it is in the children's best interests for them to remain in their residence in Suffolk County. Accordingly, we have modified the order appealed from to delete the provision which required the mother to relocate.

The appellant's argument regarding the parties responsibilities in connection with transportation of the children to and from the father's residence is academic. The order appealed from contains a provision that "the parties will share in the burden of transportation with the parent who is scheduled to be with the children to pick them up from the other". This pro-

vision remains in full force and effect and is not affected by our modification of the order.

The appellant's contentions regarding the visitation schedule are without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.