■ GARY PARDEE, Appellant, v PAULA M. PARDEE, Also Known as PAULA M. MUTH, Respondent. [666 NYS2d 926] —In an action for a divorce and ancillary relief, the plaintiff former husband appeals, as limited by his brief, from (1) the findings of fact and conclusions of law of the Supreme Court, Suffolk County (Floyd, J.), dated October 10, 1996, and (2) a judgment of the same court entered January 24, 1997, which, inter alia, granted permanent custody to the mother with leave to relocate to the State of Washington.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, as findings of fact and conclusions of law are not separately appealable (see, Matter of County of Westchester v O'Neill, 191 AD2d 556; Benedetto v O'Grady, 10 AD2d 628); and it is further,

Ordered that the judgment is modified by deleting from the fourth decretal paragraph thereof the provisions directing that the plaintiff shall have five consecutive weeks of vacation with the son of the parties during summer recess, one week visitation every other February or winter recess, one week every other Christmas and the Christmas in the even-numbered years, and one week of the Easter recess in the odd-numbered years, and substituting therefor provisions granting the plaintiff seven consecutive weeks of visitation with the son of the parties during summer recess, nine days of visitation every other spring term, and nine days every Christmas in the even-numbered years, and nine days of the Easter recess in the odd-numbered years; as so modified the judgment is affirmed insofar as appealed from, without costs or disbursements.

In a review of a custodial parent's request to move to a new

locale the court's primary focus must be on the best interests of the child (*see, Matter of Frayne v Frayne,* 234 AD2d 545; *Matter of Schindler v Schindler,* 227 AD2d 634). These factors include, but are not limited to, the "parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents" as well as "the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea,* 87 NY2d 727, 740, 741).

Here, upon a review of the forensic evaluations, the testimony offered at trial, and all the other circumstances presented, it is in the child's best interest to grant the mother permanent custody with leave to relocate to the State of Washington with the infant. However, given the close relationship between the father and son, the visitation provided to the father in the judgment of divorce was insufficient. Accordingly, we modify that visitation so as to maximize visitation without interfering with the child's schooling and home life. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur. [As amended by unpublished order entered Mar. 8, 1999.]