◼ In the Matter of RAFAEL F. FRAGOLA, Appellant, v ALICE ALFARO-FRAGOLA, Respondent. [666 NYS2d 951] —In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Dunn, J.), entered August 30, 1996, which, *inter alia*, denied his application for custody of the subject child.

Ordered that the order is reversed, on the law and as a mat-

ter of discretion in the interest of justice, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing in accordance herewith.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child (*see*, Domestic Relations Law § 70 [a]; *Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93). Furthermore, the Family Court is required to state the facts it deems essential to its decision (*see*, CPLR 4213 [b]; Family Ct Act § 165; *Matter of Westchester County Dept. of Social Servs. [Greico] v Cruz*, 170 AD2d 685, 686; *see also, Matter of Miller v Miller*, 220 AD2d 133, 136).

We conclude that the court's determination lacks a "sound and substantial basis in the record" (*Matter of Rosiana C. v Pierre S.*, 191 AD2d 432, 433). The court failed to properly set forth the facts upon which it relied in making its custody determination and did not address the general, relevant, custody factors, such as the parents' respective abilities to care for the child's emotional and intellectual development, the quality of their respective home environments, and their respective fitness and parenting abilities (*see, Matter of DiMedio v DiMedio*, 233 AD2d 394, 396; *cf., Matter of Hanway v Hanway*, 208 AD2d 499, 500). In addition, the court failed to conduct an adequate hearing to provide it with the necessary information to enable it to render an informed custody determination (*see, Matter of DiMedio v DiMedio, supra*, at 396).

Furthermore, the court did not address the mother's relocation to Florida and whether relocation would be in the child's best interests (*see, Matter of Tropea v Tropea*, 87 NY2d 727, 739). The court, although aware of the mother's relocation, did not receive any evidence, prior to the entry of its order, to determine whether the relocation would be in the child's best interests (*see, Matter of DiMedio v DiMedio, supra*, at 396).

Under the circumstances, the matter must be remitted for a new hearing at which the court shall consider the full range of factors pertinent to an award of custody (*see, Matter of DiMedio v DiMedio, supra*, at 396; *Matter of Rosiana C. v Pierre S., supra*, at 434). Moreover, a law guardian should be appointed to represent the child. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.