◼ In the Matter of RUSSELL LAZIER, Respondent, v BONNIE GENTES, Appellant. [686 NYS2d 807] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), entered January 24, 1996, which, after a hearing, awarded custody of the subject child to the father, permitted the father to relocate to Florida, and granted her visitation.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a new hearing, with all convenient speed, in accordance herewith. In the interim, the child may remain with the father in Florida.

By order entered February 9, 1993, the Family Court, Orange County, awarded the parents joint legal custody of their child, Jessica, with physical custody to the father and visitation to the mother. In August 1995 the mother moved for modification, alleging, *inter alia,* that the father was neglecting Jessica's schooling and taking her to bars. In October 1995, the father moved for custody of Jessica. After a hearing, the Family Court, *inter alia,* awarded custody to the father and permitted him to relocate to Florida. By separate order dated December 12, 1995, the mother's modification petition was dismissed.

There was evidence in the record that the father had been the primary custodial parent for most of the child's life, and he had taken adequate care of the child, who suffered from various medical problems. He sought to move to Florida on the basis that he found steady work in the field in which he had been educated, and he could provide a secure living environment for Jessica. Nevertheless, the record indicated that Jessica and the father were currently residing with friends. Although the mother had not always been in an appropriate living environment for the child, she offered evidence that she had established herself in a home with her fiancé, her other child, and her fiancé's children, and, thus, she sought to retain custody of Jessica in New York.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child (*see,* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93). Although a custody determination rests to a great extent upon the trial court's assessment of credibility, temperament, and sincerity, this Court's authority in custody matters is as broad as that of the trial court (*see, Matter of Rosiana C. v Pierre S.,* 191 AD2d 432). Further, the deference ordinarily given to a trial court's findings is not warranted where its determination " 'lack[s] a sound and substantial basis in the record' " (*Matter of Rosiana C. v Pierre S., supra,* at 433; *see, Matter of DiMedio v DiMedio,* 233 AD2d 394).

Upon the record before us we conclude that the court's determination lacks a sound and substantial basis in the record (*see, Matter of DiMedio v DiMedio, supra; Matter of Rosiana C. v Pierre S., supra*). Relocation may be permitted if the custodial parent can demonstrate, by a preponderance of the evidence, that the move serves the child's best interests (*see, Matter of Tropea v Tropea,* 87 NY2d 727, 739). In this case, the court did not receive sufficient evidence to determine whether the relocation would be in the best interests of the child (*see, Matter of Fragola v Alfaro-Fragola,* 246 AD2d 649; *Matter of DiMedio v DiMedio, supra,* at 396). No evidence was elicited during the hearing regarding the impact of the move upon the relationship between the child and the non-custodial parent, as to the quality of the relationship between the child and each parent, the suitability of the living arrangements in each parent's household, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally, by the move, or the feasibility of preserving the relationship between the mother and child through suitable visitation arrangements (*see, Matter of Tropea v Tropea, supra,* at 740-741; *see also, Matter of Schindler v Schindler,* 227 AD2d 634). Notably, no expert evidence was made available to the court.

Under the circumstances, we conclude that the matter must be remitted for a new hearing at which the court shall consider the full range of factors pertinent to the issues of custody and relocation, including what has occurred since the date of the order appealed from (*see, Eschbach v Eschbach, supra,* at 171; *see also, Matter of Tropea v Tropea, supra,* at 740-741). S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.