■ In the Matter of CARMEN MACHADO, Appellant, v TOMAS DEL VILLAR, Respondent. (Proceeding No. 1.) In the Matter of TOMAS DEL VILLAR, Respondent, v CARMEN MACHADO, Appellant. (Proceeding No. 2.) [751 NYS2d 489] —In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Balter, J.), dated November 29, 2001, which, after a hearing, awarded custody of the parties' child to the father and established a visitation schedule.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination on the issue of custody, in accordance herewith, to be held with all convenient speed; and it is further,

Ordered that pending the new determination, custody of the infant child shall remain with the father, and visitation shall be in accordance with that provided in the order appealed from.

The Family Court's custody determination lacks a "sound and substantial basis in the record" (*Matter of Thomas v Merrill,* 296 AD2d 416). It is clear that the "abbreviated hearing" that the Family Court conducted, where no witnesses were called, "constituted an insufficient basis" for the court "to form an opinion, founded upon reason and a close analysis of the totality of the circumstances, and a weighing of all relevant factors, as to what custody disposition was in the child's best interests" (*State ex rel. Hathaway v Baker,* 103 AD2d 762, 763). At the new hearing, the court may, of course, appoint a forensic expert (*see Matter of DiMedio v DiMedio,* 233 AD2d 394, 396), or conduct an in camera interview of the child (*see Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 117). It shall consider the full range of factors that are pertinent to the issue of custody, including the allegation of the past threat of domestic violence and other occurrences since the date of the order appealed from (*see* Domestic Relations Law § 240 [1] [a] [4]; *Matter of Finkbeiner v Finkbeiner,* 270 AD2d 417). Additionally, the court, in rendering its decision, shall address those factors, and shall "set forth the facts upon which it relied in making its custody determination" (*Matter of Fragola v Alfaro-Fragola,* 246 AD2d 649; *see Matter of DiMedio v DiMedio, supra* at 395; *McDermott v McDermott,* 124 AD2d 715; *Matter of Miller v Miller,* 220 AD2d 133; CPLR 4213 [b]).

We also note that the court's failure to advise the mother of her right to counsel under Family Court Act § 262 constituted reversible error (*see Matter of Commissioner of Social Servs. [Jenelle M.] v Rodriquez,* 284 AD2d 330; *Matter of Wilson v*

*Bennett,* 282 AD2d 933; *Matter of Sasha S.,* 256 AD2d 468; *Matter of Brainard v Brainard,* 88 AD2d 996; *Matter of Sabat v Sabat,* 72 AD2d 585).

The mother's remaining contentions are without merit. Smith, J.P., McGinity, Luciano and Crane, JJ., concur.