■ In the Matter of MICHELLE BOUIE, Appellant, v JUAN ARVELO-SMITH, Respondent. [784 NYS2d 894]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Kings County (Gary, J.), dated June 24, 2003, (2) an order of the same court (Grosvenor, J.), dated November 10, 2003, and (3) an amended order of the same court also dated November 10, 2003, which awarded custody of the parties' child to the father and awarded supervised visitation to the mother.

Ordered that the matter is remitted to the Family Court, Kings County, for a report stating the basis for the award of custody to the father, and the appeals are held in abeyance in the interim; the Family Court, Kings County, is directed to file its report with all convenient speed.

An award of custody must be based on the child's best interests upon consideration of the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Assini v Assini,* 11 AD3d 417 [2004]; *Matter of Wecker v D'Ambrosio,* 6 AD3d 452 [2004]; *Matter of Machado v Del Villar,* 299 AD2d 361 [2002]; Family Ct Act § 651). A hearing need not be held if the evidence before the court is sufficient to enable it, even without a hearing, to reach a sound conclusion as to the best interests of the child (*see Matter of Malfetano v Parker,* 7 AD3d 715 [2004]; *Matter of Machado v Del Villar, supra*). However, the court's determination must have a sound and substantial basis in the record (*see Matter of Vangas v Ladas,* 259 AD2d 755 [1999]; *Mosesku v Mosesku,* 108 AD2d 795 [1985]). Here, the basis upon which the Family Court concluded that the best interests of the child warranted an award of custody to the father was not stated on the record (*see Machado v Del Villar, supra*; CPLR 4213 [b]). Accordingly, we remit the matter to the Family Court, Kings County, to state the basis for awarding custody of the parties' child to the father. Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.