■ In the Matter of DAVID W. BAUER, Appellant, v KAREN S. BAUER, Respondent. — Appeals from an order and judgment of the Family Court of Rensselaer County (Reeves, J.), entered July 6, 1981 and July 23, 1981, which denied petitioner's application for custody of the children of the parties and awarded custody to respondent. Examination of the record of this proceeding reveals that a probation report was admitted into evidence recommending that custody be awarded to the mother, although there was neither consent nor a stipulation to its admissibility by the opposing side. This error was not cured by calling the probation officer who conducted the investigation as a witness and subjecting her to cross-examination, since her recommendation was largely based upon the hearsay statements of various other persons, most of whom did not testify (*Kesseler v Kesseler,* 10 NY2d 445; *Sauer v Sauer,* 67 AD2d 1082; *Di Stefano v Di Stefano,* 51 AD2d 885). The necessity for adherence to traditional evidentiary means of testing the accuracy of the informants' statements is underscored here by the fact that the testimony of two witnesses who were sources in the report did not clearly substantiate the investigating officer's conclusions. Moreover, the Family Court failed to comply with the duty imposed upon it to "state the facts it deems essential" to its decision (see Family Ct Act, § 165; CPLR 4213, subd [b]), which rendered intelligent judicial review of its decision impossible (*Berlin v Berlin,* 60 AD2d 861; *Alleyne v Alleyne,* 46 AD2d 785). Accordingly, the order and judgment must be reversed and the matter remitted for a further hearing to develop the testimony of the sources of the report and for evidence of any relevant events subsequent to the order and judgment appealed from and for appropriate findings and conclusions. Order and judgment reversed, on the law, without costs, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.