DIANE M. GIORDANO, Respondent, v NELSON GIORDANO, Appellant.

Third Department, May 5, 1983

APPEARANCES OF COUNSEL

*Thomas W. Gent, Jr.,* for appellant.

*Harvey C. Shapiro* for respondent.

**OPINION OF THE COURT**

CASEY, J.

The parties were divorced in January, 1980. By Family Court order dated April 13, 1981, custody of their only child was granted to both parties jointly, based upon a stipulation. The order provided that the principal residence of the child would be with plaintiff, granting liberal visitation rights to defendant. In July, 1981, defendant moved to modify the order so as to place principal residence of the child with defendant. Following a court-ordered investigation by the Broome County Department of Social Services and a nonjury trial, the court denied defendant's motion. This appeal ensued.

Since the trial court failed to state the facts essential to its decision, the matter should be remitted to Family Court (see *Matter of Bauer v Bauer,* 88 AD2d 737). Pursuant to CPLR 4213 (subd [b]), where a case is tried before the court without a jury, the trial court's decision, which may be oral or in writing, "shall state the facts it deems essential". "While the court need not set forth evidentiary facts, it must state ultimate facts: that is, those facts upon which the rights and liabilities of the parties depend" (*Matter of Jose L. I.,* 46 NY2d 1024, 1025-1026). Here, the court made no formal decision, either oral or in writing, and its order merely states that the trial testimony and report of the Broome County Department of Social Services had been considered by the court. Such a statement is patently insufficient to meet the requirements of CPLR 4213 (subd [b]).

Plaintiff, contending that remittal is not required here, seeks to distinguish *Matter of Bauer v Bauer* (*supra*) on the ground that an original award of custody was at issue therein, while a modification of a prior custody award is at issue here. Thus, plaintiff argues, it necessarily follows that defendant's motion was denied on the ground that he had failed to show a change in circumstances or that modification was necessary, as required by subdivision (a) of section 467 of the Family Court Act, and that, therefore, remittal to Family Court to so state would be fruitless. The Court of Appeals, however, has recently explained that modification of a prior custody order does not require the subsequent occurrence of "some particular, sudden or unusual event", but rather, "[t]he standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). In particular, the court cautioned that where, as here, the prior award of custody was based on an agreement by the parties, the weight accorded such an award should be less than that accorded a prior award based upon evidence adduced at a plenary trial (*supra,* at pp 94-95). Since the standard ultimately to be applied in this case is, as that in an original award of custody, the best interests of the child considering all of the circumstances, and further, since the order herein will

represent the first award of custody based upon evidence adduced at a plenary trial, we reject plaintiff's claim that remittal to Family Court would be fruitless.

Finally, we decline to exercise our power to review the record to determine whether, despite the trial court's failure to state the facts it deemed essential, the evidence supports its denial of defendant's motion (see *Matter of Sunshine A. Y.,* 88 AD2d 662). "Effective appellate review, whatever the case but especially in child visitation, custody or neglect proceedings, requires that appropriate factual findings be made by the trial court — the court best able to measure the credibility of the witnesses" (*Matter of Jose L. I.,* 46 NY2d 1024, 1026, *supra*). The court in *Matter of Jose L. I. (supra)* elected not to remit the case to Family Court since its review of the record revealed insufficient evidence to sustain the petition, which Family Court had dismissed. Here, however, the record is not insufficient as a matter of law. Rather, the evidence adduced at the trial, including the report of the Broome County Department of Social Services and the testimony of defendant and his current wife, present factual issues, including questions of credibility, which, if resolved in defendant's favor, would have supported an order modifying the prior custody award.

For the reasons set forth above, we conclude that effective appellate review in this case requires remittal to Family Court for the purpose of rendering a decision stating the facts deemed essential, as required by CPLR 4213 (subd [b]) (*Alleyne v Alleyne,* 46 AD2d 785).

The decision of the appeal should be withheld, and the matter remitted to the Family Court of Broome County for formulation of findings of fact essential to its decision.

SWEENEY, J. P., MAIN, MIKOLL and LEVINE, JJ., concur.

Decision of appeal withheld, and matter remitted to the Family Court of Broome County for formulation of findings of fact essential to its decision.