■ In the Matter of SANDRA V. SKOK, Appellant, v JOHN T. SKOK, Respondent. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered January 19, 1983, which dismissed petitioner's application for modification of a prior custody order. ¶ Petitioner and respondent were married in July, 1979 and lived in a home in the Binghamton area. A daughter Krista Ann Skok was born of their marriage on February 11, 1980. When petitioner returned to the family residence with the new baby on February 18, 1980, she found it was without heat and food. Upon respondent's refusal to go for food or to offer to provide heat, petitioner left to live with her sister and brother-in-law. In March of 1980, respondent agreed to restore the heat and food. Petitioner returned to respondent's home until about January of 1981, when respondent stated that he wanted a divorce and showed petitioner the door. She left with the baby and lived in an apartment. She had to go on welfare at this time for her support. Respondent did not visit with or ask to see the child from January to sometime in March of 1981. ¶ Petitioner was thereafter awarded custody of Krista and child support, with visitation rights to respondent, by order of Family Court. In August of 1981, petitioner went to Georgia with Krista to live with her brother-in-law's brother, Gordon Erickson, who she had intended to marry. She said her then attorney advised her that she would only lose support for the baby if she went to Georgia. She said that respondent had not bothered to see the child or call for two months before she left. In November of 1981, she returned to New York with the child and lived at her mother's house in Spring Valley, Rockland County. She was subsequently arrested on a Family Court warrant. After a hearing in which only petitioner testified, Family Court awarded custody to respondent. This custody award was based on a report of the Broome County Probation Department and the hearing testimony of petitioner. Family Court, at the conclusion of petitioner's testimony, informed counsel in chambers that it intended to award custody to respondent and no further evidence was received. In its order dated July 2, 1982, Family Court awarded visitation to petitioner "from Monday at 9:00 A.M. until Wednesday at 10:00 A.M. and on Saturdays from 10:00 A.M. until 3:00 P.M. away from the residence of the respondent; the respondent shall have the child from July 10, 1982, through July 17, 1982, for a vacation". Family Court did not state the facts it deemed essential to its decision of July 2, 1982 (see Family Ct Act, § 165; CPLR 4213, subd [b]). However, no appeal was taken from that order. ¶ In petitioner's instant application dated October 6, 1982 for modification of the order of July 2, 1982, based on a change of circumstances, it is asserted, in substance, that she now has her own residence, that it was suitable for the child and that she could "give daily near full-time care" to the child. She also alleged that respondent "places substantially all supervision and care of said child with his mother during his non-working hours for all times when the child is not with your

Petitioner according to the visitation schedule". Petitioner also noted that the child cries when it is time to return her to respondent's custody and requested that she be awarded custody of the child. ¶ After receipt of the instant petition, Family Court merely ordered a new probation report. After receiving the new report, it held a conference with the attorneys and notified them that the petition would be dismissed without a hearing based on the fact that there was no substantial change in circumstances since the grant of the prior order of the court. An order to that effect was entered on January 19, 1983. This appeal by petitioner ensued. ¶ There should be a reversal and the matter remitted for a full hearing on the issues raised in the petition. In our view, based on the record presented for review, the factors which should be considered in determining the question of child custody were not sufficiently developed in the Family Court proceedings (see *Friederwitzer v Friederwitzer*, 55 NY2d 89; *Matter of Saunders v Saunders*, 60 AD2d 701, 701-702). It appears that Family Court unduly relied on the probation reports to resolve disputed issues of fact (see *Matter of Bauer v Bauer*, 88 AD2d 737). The probation report of December 27, 1982 is conclusory on the issue of change in circumstances of respondent. Further, our review is hampered since Family Court did not at any time on this record state "the facts it deems essential" to its decision (see Family Ct Act, § 165; CPLR 4213, subd [b]; *Matter of Bauer v Bauer, supra; Berlin v Berlin,* 60 AD2d 861). ¶ Order reversed, on the law and the facts, and matter remitted to Family Court of Broome County for further proceedings not inconsistent herewith, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.