■ Djaleh Moheban, Appellant, v Nathan Moheban, Respondent.—In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Modugno, J.H.O.), dated September 30, 1987, as denied her cross motion to punish the defendant for contempt, for an award of counsel fees and to require the defendant to furnish a bond as security for child support arrears, and granted the defendant increased visitation, (2) so much of an order of the same court, dated March 11, 1988, as denied her motion, *inter alia,* to set aside the September 30, 1987, order due to alleged tampering, and for leave to enter a judgment for child support arrears, and (3) so much of an order of the same court dated March 30, 1988, as directed a hearing to consider the defendant's visitation rights and the defendant's request to punish the plaintiff for contempt.

Ordered that the appeal from the order dated March 30, 1988, is dismissed, without costs or disbursements, as an order directing a judicial hearing to aid in the disposition of a motion is not appealable as of right *(see, Palma v Palma,* 101 AD2d 812; *Perez v Perez,* 100 AD2d 962); and it is further,

Ordered that the order dated September 30, 1987, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated March 11, 1988, is modified, on the law, by deleting therefrom the provision denying that branch of the plaintiff's motion which was for leave to enter a judgment for arrears in child support, and substituting therefor a provision granting that branch of the motion to the extent of directing a hearing to determine the amount of the arrears; as so modified, the order dated March 11, 1988, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contentions, we find that except for the issue of expanded visitation, the decision after hearing

dated June 29, 1987, which was the basis for the order dated September 30, 1987, contained an adequate recitation of the essential facts upon which the court rendered its decision *(see, Matter of Jose L. I.,* 46 NY2d 1024; *Rosen Trust v Rosen,* 53 AD2d 342, *affd* 43 NY2d 693). We note, however, that the Judicial Hearing Officer's inadequate finding of fact with regard to expanded visitation need not warrant reversal and remittal as this court has a sufficient record to make such findings of fact *(see, Matter of Jose L. I., supra; cf., McDermott v McDermott,* 124 AD2d 715) and, upon a review of the record, we find the order granting expanded visitation supported by sufficient facts.

We further find the court properly denied the plaintiff's request to hold the defendant in contempt and to award her attorney's fees, as the record reveals the defendant's failure to pay child support and maintenance was not willful *(see,* Domestic Relations Law § 237 [c]; § 245; *Bulow v Bulow,* 121 AD2d 423; *Altschul v Altschul,* 84 AD2d 798).

We find, however, that the court erred in not granting the plaintiff leave to enter a judgment against the defendant for the child support arrears. Domestic Relations Law § 244 requires a judgment be entered upon application when a party is in default on these payments and it is uncontested here that the defendant is in default. However, since the record contains no determination of the amount of the arrears, a hearing is required to determine such amount *(see, Graepel v Graepel,* 125 AD2d 447, 450).

We have considered the remaining contentions raised by the parties and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.