■ In the Matter of ROBERT P. HENNELLY, JR., Respondent, v LISA VIGER, Appellant. [599 NYS2d 623] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Slobod, J.), entered August 25, 1992, which, after a hearing, transferred primary custody of the child to the father.

Ordered that the matter is remitted to the Family Court, Orange County, to state the facts essential to its decision, and the appeal is held in abeyance in the interim; the Family

Court, Orange County, is directed to file its report with all convenient speed.

The parties were divorced in Michigan in April 1990, and the consent judgment of divorce provided for joint custody of their only child, Emily, who was then three years old. The judgment provided that, after the mother relocated to New York and the father relocated to New Jersey, the parties would attempt to exercise as equal a division of parenting time as practicable. In March 1991 the father commenced this proceeding for sole custody of Emily, based on allegations of changed circumstances and the failure of the mother to comply with the custody provisions of the judgment. After a hearing which took place on various dates over a period of at least five months, and which primarily involved the testimony of a psychologist who had been treating Emily for almost a year, the parties stipulated that they would be bound by the report and recommendations of a mutually agreed-upon, court-appointed therapist. The therapist conducted extensive interviews with the parties, their spouses, and Emily, and ultimately recommended that the father should have primary custody of the child. The Family Court subsequently issued an order awarding primary custody to the father.

On appeal, the mother contends that the Family Court improperly delegated its custody decision to the court-appointed expert. While we agree that a court may not abdicate its duty to determine custody by relying solely on the report of a court-appointed expert (see, People ex rel. Schlanger v Schlanger, 8 AD2d 801; see also, Kesseler v Kesseler, 10 NY2d 445, 456), the record here is inadequate to determine the basis of the court's decision. There is no indication in the record before us that the court issued a formal decision, either orally or in writing, and its order simply states that the court reviewed and considered the expert's report. Since the court failed to state the facts essential to its decision, as required by Family Court Act § 165 and CPLR 4213 (b), we remit the matter to the Family Court for that purpose (see, Giordano v Giordano, 93 AD2d 310; see also, Audubon v Audubon, 138 AD2d 658; Mosesku v Mosesku, 108 AD2d 795; Corso v Corso, 48 AD2d 652; cf., Matter of Hall v Keats, 184 AD2d 825). The appeal is held in abeyance in the interim. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.