■ In the Matter of TIMOTHY CONGDON, Appellant, v GWYN A. CONGDON, Respondent. (Proceeding No. 1.) In the Matter of GWYN A. CONGDON, Respondent, v TIMOTHY CONGDON, Appellant. (Proceeding No. 2.) [606 NYS2d 794] —Weiss, J. Appeals (1) from an order of the Family Court of Rensselaer County (Perkinson, J.), entered March 20, 1992, which, in a proceeding (No. 1) pursuant to Family Court Act article 4, dismissed

Timothy Congdon's application for support of the parties' child, and (2) from an order of said court, entered June 16, 1992, which, in a proceeding (No. 2) pursuant to Family Court Act article 6, *inter alia,* partially granted Timothy Congdon's cross application for custody of the parties' child.

Proceeding No. 1 was commenced by Timothy Congdon (hereinafter the father) seeking child support from Gwyn A. Congdon (hereinafter the mother) for the parties' son, Zachary, under Family Court Act article 4. Family Court conducted an extensive hearing concerning Zachary and the mother's daughter from a prior marriage, their custody and visitation. The father's support petition was clearly stated by the court to be part of the comprehensive hearing. However, the utter failure of the court to place any findings of fact, reasoning and conclusions on the record precludes any analysis of the decision-making process *(see,* CPLR 4213 [b]; Family Ct Act § 413 [1] [g]). We observe that on the issue of child support, the reason for the decision is obvious for neither party attempted to address the issue. The record is devoid of any evidence of income, expenses, standard of living and needs of the parties and the children. Because neither party addressed the issue, Family Court was not in a position to apply the Child Support Standards Act (Family Ct Act § 413 [1] [k]). Accordingly, the petition was properly dismissed. Because the court could not reach the merits, we find the dismissal of the petition for child support to be without prejudice to a new petition by either custodial parent.

The second order from which the father has appealed grants joint custody of Zachary and establishes terms of visitation. The father's arguments are directed to the weight and interpretation of the evidence and the credibility of witnesses. As previously noted, Family Court failed to make any findings of fact essential to its conclusion as to which party should have custody *(see,* CPLR 4213 [b]; *Matter of Kyesha A. [Gloria B.],* 176 AD2d 381, *after remittal* 182 AD2d 996, *lv denied* 81 NY2d 704, *cert denied sub nom. Kikuts v Pandozy,* — US —, 114 S Ct 106; *Giordano v Giordano,* 93 AD2d 310, 312; *see also, Dwortesky v Dwortesky,* 152 AD2d 895, 896), making appellate review impossible. Accordingly, the matter must be remitted to Family Court and because the Judge who heard the matter is no longer on the bench, further proceedings are necessary to permit the resolution of this matter.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order entered March 20, 1992 is affirmed,

without costs. Ordered that the order entered June 16, 1992 is reversed, on the law, without costs, the visitation provisions contained therein and the current custodial arrangements are continued on a temporary basis, and matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.