■ In the Matter of BRENDA WAGNER, Respondent, v WILLIAM WAGNER, Appellant. [635 NYS2d 892] — Order unanimously reversed on the law without costs and matter remitted to Chautauqua County Family Court for further proceedings in accordance with the following Memorandum: In this disputed custody proceeding, the parties waived a hearing and stipulated that the issues of custody and visitation could be decided by Family Court based upon a probation report that had been ordered by the court. Because the parties resided in different counties, the probation department in each county conducted an investigation of the residence of the party within that county; neither department had the opportunity to compare the living environments of the parties. The Chautauqua County Probation Department submitted a report recommending that custody be awarded to petitioner, and the Cattaraugus County Probation Department submitted a report recommending that

respondent be considered for joint custody and that serious consideration be given to awarding full custody to respondent. Family Court, "based upon the report and investigation of the Probation Department", and without discussion of those factors relevant to a determination of custody, awarded custody to petitioner with liberal visitation to respondent.

Parties may waive their right to a hearing in a custody dispute and stipulate that the court render its determination based upon the factual circumstances set forth in an investigatory report *(see, Matter of Goldman v Goldman,* 201 AD2d 860, 862). The court, however, cannot abdicate its duty to determine custody by relying solely upon that report *(see, Matter of Hennelly v Viger,* 194 AD2d 791, 792). Because the court failed to state those factors it considered in determining custody and appears to have abdicated its duty by relying solely upon the report of the Chautauqua County Probation Department, we remit the matter to Family Court for proper consideration of the investigatory reports and submission of the necessary findings *(see, Matter of Hennelly v Viger, supra; Giordano v Giordano,* 93 AD2d 310). (Appeal from Order of Chautauqua County Family Court, Cass, Jr., J.—Custody.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.