[644 NYS2d 579]

In the Matter of KELLY M. MILLER, Appellant, v RICHARD J. MILLER, III, Respondent. (And Another Related Proceeding.)

Third Department, June 20, 1996

### APPEARANCES OF COUNSEL

*Lawliss & Cantwell,* Plattsburg *(Timothy J. Lawliss* of counsel), for appellant.

*Richard J. Miller, III,* Peru, respondent *pro se.*

*Cynthia L. O'Connell, Law Guardian,* Plattsburgh, for infant son and another.

### OPINION OF THE COURT

SPAIN, J.

In January 1994, after the separation of the parties, the maternal grandparents petitioned Family Court for visitation of the two children who were then in the custody of respondent. In February 1994 Supreme Court made a temporary order granting visitation with the children to petitioner and referred her application for custody of her daughter and regular visitation with her son to Family Court for disposition. In March 1994, by separate petition, petitioner petitioned Family Court seeking the same relief, custody of her daughter and visitation with her son. Family Court issued a temporary order which, *inter alia,* continued a prior order of Supreme Court granting temporary custody of both children to respondent and visitation to petitioner. Respondent answered the petition and cross-petitioned for custody of both children. Family Court again extended the temporary custody order. Then, by order to

show cause dated August 1, 1994, petitioner moved for an order finding, *inter alia*, that respondent was in contempt for violating the existing visitation orders. A combined hearing was scheduled for all pending petitions.

On September 6, 1994, the first day of the hearing, the children's Law Guardian was unavailable due to illness. Family Court, after conferring with counsel for each of the parties and without any objection, determined that due to the exigencies of the matter the hearing would commence in the Law Guardian's absence. Family Court stated that the Law Guardian would have the opportunity to review a transcript of the testimony and that, if she found it advisable, further appearances by the witnesses would be arranged.[1] Petitioner and Carla Williams, a family friend, both testified on petitioner's behalf on the first day of the hearing. Further testimony was elicited on behalf of both parties; however, respondent did not testify during the course of the hearing. After the hearing Family Court dismissed that portion of petitioner's application seeking custody of the daughter, granted respondent sole custody of both children and set forth a detailed schedule for petitioner's visitation with the children. Family Court also directed visitation for the maternal grandparents. Petitioner appeals.

We reverse. Following its appointment of the Law Guardian to protect the interests of the children, Family Court erred in commencing the fact-finding hearing in the Law Guardian's absence (*see, Frizzell v Frizzell*, 177 AD2d 825, 826; *see also, Matter of Van Gorder v Van Gorder*, 188 AD2d 1049, 1050; *Matter of Baraby v Baraby*, 186 AD2d 890). This is clearly a case where the appointment of a Law Guardian was appropriate (*see,* Family Ct Act § 249 [a]). The reasons for Family Court's decision to proceed without the Law Guardian were the Law Guardian's illness, the absence of any objection on the part of the parties or their attorneys and the court's commitment to complete the hearing in an expeditious manner. In our view, the willingness of the parties to proceed without the Law Guardian is irrelevant. Family Court appointed the Law Guardian to protect the rights of the children (*see, Frizzell v Frizzell, supra,* at 826; *see also,* Family Ct Act § 249 [a]), and the parties, who were each well represented by counsel, had no authority to waive that protection on the children's behalf (*see, Matter of Blank v Blank*, 124 AD2d 1010, 1011).

---

1. Although the Law Guardian reviewed a transcript of the proceedings of September 6, 1994, the witnesses who testified on that day were never recalled to testify.

Further, it is significant that the Law Guardian missed the entirety of petitioner's testimony; notably, the Law Guardian's ultimate recommendation was to continue custody of both children with respondent. The Law Guardian's absence denied her an opportunity to question petitioner under oath in the presence of Family Court and to assess her credibility when responding to the questions posed to her. Furthermore, the court's offer to allow the Law Guardian to recall the witnesses who testified in her absence was insufficient to overcome the error created by her absence, especially when the Law Guardian did not take advantage of the court's invitation. Finally, it is clear from the record that the Law Guardian's illness was not so grave as to require an extended postponement of the hearing; in fact, she was able to attend the proceedings on the next day testimony was taken, just two days later.[2]

■ We also agree with petitioner's contention that Family Court's decision and order fails to properly set forth the facts it relied upon in making its decision. Family Court Act § 165 and CPLR 4213 (b) require that the court set forth the facts essential to its decision (*see, Matter of Congdon v Congdon*, 200 AD2d 836, 837; *Matter of Hennelly v Viger*, 194 AD2d 791, 792; *Matter of Lamkins v Goddeau*, 193 AD2d 832). The absence of such factual findings precludes appellate review and requires, if not a new hearing, at least remittal to Family Court for a detailed statement of those facts (*see, e.g., Matter of Congdon v Congdon, supra*, at 837; *Matter of Lamkins v Goddeau, supra; Matter of Van Gorder v Van Gorder, supra*, at 1050; *Giordano v Giordano*, 93 AD2d 310, 312; *contra, Matter of Graci v Graci*, 187 AD2d 970, 972; *Guinan v Guinan*, 102 AD2d 963; *Matter of Milton v Dennis*, 96 AD2d 628). The three paragraphs in Family Court's decision in support of its determination are devoid of any findings of fact essential to the court's ultimate ruling. In the first paragraph the court summarized the parties' past behavior and chastised them for the negative effects this behavior may have had on the children. In the second paragraph the court observed that both parties have turned their lives around and that "[e]ach parent is now capable of presenting an acceptable home environment". Finally, in the third paragraph, the court noted that respondent had blocked the children's visitation with the mother in defiance of court orders, and that any such further conduct would be deemed contemptuous.

2. In cases where a Law Guardian is unavailable due to some unforeseen circumstance, one option often utilized is the appointment of a substitute Law Guardian from the panel rather than postponement of the proceeding.

Nonetheless, despite the absence of any testimony from respondent controverting petitioner's assertions, Family Court concluded that "[t]here is unanimity of opinion between the professional evaluators, law guardian and the Court that respondent should be granted sole legal and physical custody of the children". It is axiomatic that the court may not delegate its discretion in this matter to professional evaluators or to the Law Guardian (*see, Matter of Perry v Perry*, 194 AD2d 837, 838). Upon review of the decision and order we find that in the absence of explicit factual findings by the court, it is impossible to determine what facts the court relied upon in reaching its conclusion. We conclude that the errors committed require that the matter be remitted for a new hearing.

MERCURE, J. P., WHITE, CASEY and PETERS, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision.