■ In the Matter of DELOID THOMPSON, Appellant, v PATRICIA BEHLIN et al., Respondents. [665 NYS2d 562] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner father appeals from an order of the Family Court, Queens County (Fitzmaurice, J.), dated May 16, 1995, which, after a hearing, denied the petition.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

The petitioner had a relationship with the respondent Patri-

cia Behlin, as a result of which a child was born on May 11, 1985. The petitioner allegedly resided with Behlin and the child for approximately two years after the child's birth. Behlin and the child then moved to Texas, allegedly with the petitioner's consent, and thereafter periodically visited the petitioner in New York. It appears that sometime in 1989 Behlin was arrested and incarcerated in Texas on drug-related offenses. Allegedly without the knowledge of the petitioner, Behlin sent the child to the respondent Helen Garnett, the mother of a female friend, in New York, to be cared for until her release and return.

Several months after sending the child to Garnett, Behlin contacted the petitioner in order to obtain the child's birth certificate so that Garnett could enroll her in school. The petitioner complied with the request but, having become aware that the child was in New York, sought to obtain custody of her by filing a petition in Family Court in 1990. In 1992 the parties entered into a written stipulation, pursuant to which temporary custody was granted to Garnett and the petitioner was granted visitation rights. It appears that the relationship between the petitioner and Garnett deteriorated, and the petitioner filed the instant petition for custody of the child in 1994. After a hearing, the court denied his petition and continued the terms of the 1992 stipulation, and the petitioner appeals.

In denying the petition the Family Court erred by failing to set forth the facts essential to its decision, as required by Family Court Act § 165 and CPLR 4213 (b) (*see, Matter of Miller v Miller,* 220 AD2d 133; *Matter of Hennelly v Viger,* 194 AD2d 791; *Audubon v Audubon,* 138 AD2d 658; *Giordano v Giordano,* 93 AD2d 310). The absence of such factual findings precludes appellate review, and requires that the order be reversed and the matter remitted to the Family Court, Queens County, for the entry of an order in accordance with Family Court Act § 165 and CPLR 4213 (b) (*see, Matter of Hennelly v Viger, supra*). Miller, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.