■ In the Matter of ANDREW MINAS, Appellant, v KELLY SHEVLIN, Respondent. [678 NYS2d 672] —In a visitation proceeding pursuant to Family Court Act article 6, the petitioner father appeals, as limited by his brief, from stated portions of an amended order of the Family Court, Suffolk County (McElligot, J.), entered July 3, 1996, which, after a hearing, *inter alia,* (1) in effect, denied his petition to the extent that it sought visitation with his daughter Mariah, and (2) granted his petition for visitation with his daughter Morgan only to the extent that it directed supervised visitation, subject to a certain condition.

Ordered that the amended order is modified, by deleting the provision thereof which conditioned the appellant's supervised visitation with Morgan upon his returning a violin to his daughter Mariah; as so modified, the amended order is affirmed, without costs or disbursement.

The appellant commenced the instant proceeding pursuant to Family Court Act article 6 for visitation with the two subject children, Mariah and Morgan, who reside with the respondent, their mother. After a hearing, the Family Court, in effect, denied the appellant's petition insofar as it sought visitation with Mariah, and granted him supervised visitation with Morgan, contingent upon him returning to Mariah a violin which he had in his possession.

Contrary to the appellant's contention, the record contains sufficient evidence to support the Family Court's conclusion that granting him visitation with Mariah would not be in her best interests (*see, Matter of Ford v Peele,* 250 AD2d 767).

Although the Family Court failed "to set forth the facts essential to its decision", as required by Family Court Act § 165 and CPLR 4213 (b) in granting the appellant only supervised visitation with Morgan (*Matter of Thompson v Behlin,* 244 AD2d 413; *see, Matter of DiMedio v DiMedio,* 233 AD2d 394; *Matter of Hennelly v Viger,* 194 AD2d 791), the instant record is sufficient for this Court to determine the issue (*see, Moheban v Moheban,* 149 AD2d 488, 489; *Matter of Guzzey v Titus,* 220 AD2d 976). We find that the Family Court's determination that the appellant's visitation with Morgan should be supervised has a sound and substantial basis in the record, and therefore, we decline to disturb its determination in that respect (*see, Matter of Frances K. v Christopher T.,* 220 AD2d 422; *McDonald v McDonald,* 216 AD2d 276). We note, however, the court erred when it conditioned the appellant's right to supervised visitation with Morgan upon his returning to Mariah a violin in his possession (*see, Resignato v Resignato,* 213 AD2d 616, 617; *Matter of Tito G. v Thelma G.,* 187 AD2d 651).

The appellant's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and Friedmann, JJ., concur.