■ Suzanne Consi, Respondent, v 531 Hudson Street Limited Liability Company et al., Respondents, and Ruby Corp., Doing Business as Rubyfruit Bar & Grill, et al., Appellants. [813 NYS2d 713]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered June 10, 2005, which, in an action for personal injuries sustained in a fall on stairs in defendant-appellant's restaurant, insofar as appealed from, denied appellant's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Photographs of the staircase, deposition testimony and the affidavits of plaintiff, her licensed engineer and witness friend raise issues of fact as to, inter alia, appellant's noncompliance with Building Code provisions, including inadequate lighting, worn stairs and overcapacity, and whether such noncompliance proximately caused plaintiff to fall as she descended the allegedly narrow, crowded and irregularly shaped steps and was forced to turn sideways to allow people ascending the stairs to pass by her. Plaintiff's claim that her fall would have been prevented by an added three inches of width to the 33-inch-wide staircase, making the staircase code compliant, is not speculative, and appellant's claim that the only cause of plaintiff's fall was her own "misstep" simply ignores plaintiff's evidence, and

indeed its own. Accepting appellant's expert's opinion that the stair treads were not designed for standing with one's feet parallel to the riser, it could be argued that the narrow, crowded staircase forced plaintiff to assume an unsafe, turned position. Appellant's argument that the building in which it leases its space is a landmark, and that the New York City Building Code therefore does not apply, is improperly raised for the first time on appeal, and we decline to review it. Appellant's argument that, as lessee, it had no duty to remedy the alleged noncompliant staircase, a structural defect, and that it is therefore entitled to summary judgment dismissing defendant landlord's cross claims, is also unpreserved, appellant never having moved to dismiss such cross claims. In any event, given conditions that might have contributed to plaintiff's fall over which appellant undeniably had control, such as lighting and overcrowding, no basis exists to dismiss the cross claims at this time. Concur— Buckley, P.J., Tom, Andrias, Gonzalez and Sweeny, JJ.