■ In the Matter of GLEN DEEGAN, Respondent, v GINA DEEGAN, Appellant. [824 NYS2d 917]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), dated April 3, 2006, which, after a hearing, granted the father's motion to modify, inter alia, certain visitation provisions of a stipulation between the parties.

Ordered that the order is affirmed, with costs.

The mother's contention that the petition was defective because it failed to allege a sufficient change in circumstances warranting modification of a stipulation is unpreserved for ap-

pellate review as the mother failed to move to dismiss the petition or raise the matter with the Family Court (*see generally Consi v 531 Hudson St. Ltd. Liab. Co.*, 28 AD3d 370, 371 [2006]; *Wolkstein v Morgenstern*, 275 AD2d 635, 637 [2000]; *Blaise v New York City Tr. Auth.*, 240 AD2d 688, 689 [1997]; *Mannix Indus. v Antonucci*, 191 AD2d 482 [1993]).

While the Family Court did not set forth the facts essential to its decision in its post-hearing order modifying, among other things, certain visitation provisions (*see* Family Ct Act § 165; CPLR 4213 [b]; *Matter of Thompson v Behlin*, 244 AD2d 413 [1997]), it recited such facts on the record in its findings at the conclusion of the hearing, and the record itself is sufficient to determine the visitation issues. Consequently, any error in initially failing to set forth the facts in the order did not constitute a ground for reversal (*see Matter of Minas v Shevlin*, 254 AD2d 420, 421 [1998]; *Matter of Guzzey v Titus*, 220 AD2d 976 [1995]; *Moheban v Moheban*, 149 AD2d 488, 489 [1989]). Further, the Family Court properly determined that there was a change in circumstances warranting modification of the stipulation, and that the modifications were in the best interest of the children (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]; *Matter of Billings v Billings*, 309 AD2d 1194 [2003]; *Matter of Manos v Manos*, 282 AD2d 749, 751 [2001]; *Matter of La Scola v Litz*, 258 AD2d 792 [1999]). Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.