■ ERIC KAUFMAN, Respondent, v JOSEPH GILBERT, Defendant, KIMCO REALTY CORPORATION et al., Respondents, and GMAC LEASING CORPORATION, Appellant. [846 NYS2d 28]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 2, 2006, which granted plaintiff's motion for summary judgment as to liability and defendants-respondents' cross motion for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

The facts of this case, including defendant Gilbert's testimony that before the accident his view was unobstructed for more than 30 feet and not impaired by any lack of lighting and that

he had backed up his vehicle only 15 feet before striking plaintiff, support the court's finding as a matter of law that the proximate cause of the accident was Gilbert's negligence in reversing without taking adequate precautions and not the lighting in the parking lot (*see e.g. Garcia v Verizon N.Y., Inc.*, 10 AD3d 339 [2004]; *Sarmiento v C & E Assoc.*, 40 AD3d 524, 526 [2007]). GMAC's contention that issues of fact exist as to plaintiff's comparative negligence is unsupported by the record.

GMAC's claim of collusion is improperly raised for the first time on appeal and we decline to review it (*see Consi v 531 Hudson St. Ltd. Liab. Co.*, 28 AD3d 370, 371 [2006]).

We have considered GMAC's remaining arguments and find them without merit. Concur—Lippman, P.J., Andrias, Nardelli, Gonzalez and Kavanagh, JJ.