Thereafter, the plaintiff attempted to read a different portion of Alexis' deposition testimony to the jury, wherein Alexis claimed, inter alia, that his back and neck hurt after the accident. The Supreme Court precluded the plaintiff from reading this portion of Alexis' deposition testimony. The plaintiff contends that this was reversible error. The jury rendered a verdict after the damages trial finding that the plaintiff did not sustain a serious injury within the meaning of the No-Fault Law.

Assuming arguendo that the Supreme Court erred in precluding the plaintiff from reading the requested portion of Alexis' deposition testimony into evidence (*see* CPLR 3117 [b]; *Powers v Metropolitan Transp. Auth.*, 289 AD2d 216 [2001]), the error was harmless. Viewing the trial record in its entirety, the error did not result in prejudice to the plaintiff and, thus, the judgment should not be disturbed (*see Feldsberg v Nitschke*, 49 NY2d 636, 645-646 [1980]; *Duncan v Corbetta*, 178 AD2d 459 [1991]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.

JAMES WILLIAMS, Appellant, v BEACH VIEW APT. CORP., Respondent. [869 NYS2d 798]

Skelos, J.P., Lifson, Santucci and Carni, JJ., concur.

EDWARD WILLIAMS et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [869 NYS2d 799]—