■ In the Matter of JOHN KOSOWSKI, Appellant, v DORI KOSOWSKI, Respondent. [875 NYS2d 914]—In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Nassau County (Eisman, J.), dated December 18, 2007, which, without a hearing, in effect, denied his petition to enforce the visitation provisions of a judgment of divorce dated August 2, 2004, and the parties' written stipulation of settlement dated January 6, 2004, which was incorporated but not merged into the judgment of divorce, and directed him to have "therapeutic visitation" with the subject children, and (2) an order of the same court dated June 10, 2008, which denied his motion, in effect, for leave to reargue and for resettlement of the order dated December 18, 2007.

Ordered that the appeal from the order dated June 10, 2008 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated December 18, 2007 is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a hearing and a new determination of the petition thereafter.

The appeal from the order dated June 10, 2008, must be dismissed, as no appeal lies from an order denying reargument (*see Williams v Beach View Apt. Corp.,* 57 AD3d 975 [2008]), or resettlement of the decretal or substantive portions of an order (*see Blue Chip Mtge. Corp. v Strumpf,* 50 AD3d 936, 937 [2008]).

Under the circumstances presented, the Family Court should have conducted a hearing on the issues raised in the father's petition (*see Matter of Skok v Skok,* 100 AD2d 683, 684 [1984]). Accordingly, the order dated December 18, 2007 must be reversed and the matter remitted to the Family Court, Nassau County, for a hearing and a new determination of the petition. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.