In the Matter of Keisha Skipper, Appellant, v Devory Pugh, Respondent. (Proceeding No. 1.) In the Matter of Devory Pugh, Respondent, v Keisha Skipper, Appellant. (Proceeding No. 2.) [10 NYS3d 271]—

Appeal from an order of the Family Court, Westchester County (David S. Zuckerman, J.), dated July 26, 2013. The order, inter alia, granted, after a hearing, the father's petition to modify a prior order of the same court (Janet Malone, J.) dated April 21, 2009, so as to award him sole custody of the subject child.

Ordered that the order dated July 26, 2013, is affirmed, without costs or disbursements.

Modification of an existing custody arrangement is warranted when there is a showing by the moving party that there has been a change in circumstances such that modification is required to protect the best interests of the child under the totality of the circumstances (see Family Ct Act § 652 [a]; *Matter of Cannella v Anthony*, 127 AD3d 745 [2015]; *Matter of Preciado v Ireland*, 125 AD3d 662 [2015]; *Matter of Florio v Niven*, 123 AD3d 708, 709-710 [2014]; *Matter of Estevez v Perez*, 123 AD3d 707 [2014]).

Custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (see *Matter of Gribeluk v Gribeluk*, 120 AD3d 579, 579 [2014]; *Matter of Weiss v Rosenthal*, 120 AD3d 505 [2014]; *Matter of Eison v Eison*, 119 AD3d 861, 861 [2014]; *Matter of Jurado v Jurado*, 119 AD3d 796, 796 [2014]). Accordingly, where a hearing court has conducted a complete evidentiary hearing, its credibility finding must be accorded great weight, and its award of custody will not be disturbed unless it lacks a sound and substantial basis in the record (see *Matter of Saravia v Godzieba*, 120 AD3d 821, 822 [2014]; *Matter of Gribeluk v Gribeluk*, 120 AD3d at 579; *Matter of Cruz v Cruz*, 118 AD3d 780, 782 [2014]; *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]).

Here, the Family Court properly considered the totality of the circumstances and determined that the extreme acrimony between the parties was a change in circumstances warranting a modification of the April 2009 joint custody order (see *Matter of Florio v Niven*, 123 AD3d at 710; *Matter of O'Connor v Klotz*, 124 AD3d 666, 666 [2015]; *cf. Matter of Quezada v Long*, 126

AD3d 907 [2015]). Further, the Family Court's determination awarding the father sole custody of the parties' child was supported by a sound and substantial basis in the record, and will not be disturbed (*see Matter of Thomas v Wong*, 127 AD3d 769 [2015]; *Matter of Cannella v Anthony*, 127 AD3d 745 [2015]).

Furthermore, the Family Court's award of supervised visitation and supervised phone calls to the mother is in the best interests of the child (*see Matter of Torres v Ojeda*, 108 AD3d 570, 571 [2013]). The Family Court also properly directed the mother, as a component of visitation, to participate in both individual and group therapy to improve her parenting skills for the child's benefit (*see Matter of Torres v Ojeda*, 108 AD3d at 571; *Matter of Lew v Lew*, 104 AD3d 946, 946-947 [2013]).

The mother's contention that the Family Court's order should be reversed because the Family Court failed to set forth sufficient facts to support its determination is without merit. In any event, there is a sound and substantial basis in the record for the Family Court's determination and the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Bonet v Bonet*, 121 AD3d 978 [2014]; *Matter of Deegan v Deegan*, 35 AD3d 736 [2006]; *Matter of Minas v Shevlin*, 254 AD2d 420, 421 [1998]).

The mother's remaining contentions are without merit. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.