# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**128**
**CAF 14-01588**
PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF KELLY A. LANGDON,
PETITIONER-RESPONDENT,

               V                               MEMORANDUM AND ORDER

DANIEL J. LANGDON, RESPONDENT-APPELLANT.
-----------------------------------------
IN THE MATTER OF DANIEL J. LANGDON,
PETITIONER-APPELLANT,

               V

KELLY A. LANGDON, RESPONDENT-RESPONDENT.
-----------------------------------------
IN THE MATTER OF DANIEL J. LANGDON,
PETITIONER-APPELLANT,

               V

KELLY A. LANGDON, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

---

     Appeal from an order of the Family Court, Wyoming County
(Terrence M. Parker, A.J.), entered July 17, 2014 in proceedings
pursuant to Family Court Act articles 6 and 8.  The order, among other
things, dismissed respondent-petitioner Daniel J. Langdon's family
offense petition.

     It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by reinstating the family offense
petition and violation petition of respondent-petitioner and as
modified the order is affirmed without costs and the matter is
remitted to Family Court, Wyoming County, for further proceedings in
accordance with the following memorandum:  In appeal No. 1,
respondent-petitioner father appeals from an order of fact-finding and
disposition in proceedings pursuant to articles 6 and 8 of the Family
Court Act that, inter alia, dismissed his family offense petition and
denied, without making any findings of fact, his violation petition.
In appeal No. 2, the father appeals from an order of protection issued
pursuant to article 8 of the Family Court Act, directing the father to
refrain from, inter alia, harassing petitioner-respondent mother, his

former wife.

With respect to appeal No. 1, the father contends that Family Court erred in dismissing his family offense petition on the ground that "he offered no proof in support of his family offense petition." We agree. We conclude that the record establishes that the father testified to conduct by the mother that could support a determination that she committed a family offense. Although the record is sufficient for this Court to make its own findings of fact (*see generally Matter of Williams v Tucker*, 2 AD3d 1366, 1367, *lv denied* 2 NY3d 705), we decline to do so. Given the conflicting versions of the same events offered by the parties at the hearing, we consider the credibility of the parties as witnesses to be crucial to the resolution of the father's family offense petition (*see Matter of Streat v Streat*, 117 AD3d 837, 838; *see generally Matter of Oakes v Oakes*, 115 AD3d 956, 956-957). Indeed, "[e]ffective appellate review . . . requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses" (*Giordano v Giordano*, 93 AD2d 310, 312). We likewise agree with the father's further contention in appeal No. 1 that the court failed to make any findings of fact with respect to his violation petition. Although the order stated that "any and all remaining issues are hereby denied," the court failed "to set forth those facts essential to its decision" (*Matter of Graci v Graci*, 187 AD2d 970, 971). We therefore modify the order in appeal No. 1 by reinstating the father's family offense petition and violation petition and we remit the matter to Family Court to make the requisite factual findings on those petitions and, if the court deems it appropriate upon making such findings, a new determination on each petition (*see generally Matter of Wagner v Wagner*, 222 AD2d 1039, 1040).

The father contends in appeal No. 2 that the court erred in determining that he committed a family offense. Initially, we note that the order of protection appealed from in appeal No. 2 has expired, and we therefore ordinarily would dismiss the appeal as moot (*see Matter of Kristine Z. v Anthony C.*, 43 AD3d 1284, 1284-1285, *lv denied* 10 NY3d 705). However, inasmuch as the father challenges only the court's finding that he committed a family offense and, " 'in light of enduring consequences which may potentially flow from an adjudication that a party has committed a family offense,' " we conclude that "the appeal from so much of the order . . . as made that adjudication is not academic" (*Matter of Hunt v Hunt*, 51 AD3d 924, 925). We note that the court failed to specify the particular family offense under Family Court Act § 812 (1) that the father allegedly committed. Nonetheless, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Elizabeth X. v Irving Y.*, 132 AD3d 1100, 1101; *Matter of Stewart v Lassiter*, 103 AD3d 734, 734). Upon such review, we conclude that the evidence is not legally sufficient to support a finding by a fair preponderance of the evidence that the father committed any of the enumerated family offenses upon which an order of protection may be predicated (*see Matter of Marquardt v Marquardt*, 97 AD3d 1112, 1113; *Matter of Ebony J. v Clarence D.*, 46 AD3d 309, 309; *see also* Family Ct Act § 812 [1]). We therefore reverse the order in

appeal No. 2 and dismiss the petition (*see generally Matter of Woodruff v Rogers*, 50 AD3d 1571, 1571-1572, *lv denied* 10 NY3d 717).

Entered:  March 18, 2016                    Frances E. Cafarell
                                           Clerk of the Court