Matter of Valentin v Mendez (2018 NY Slip Op 06680)





Matter of Valentin v Mendez


2018 NY Slip Op 06680


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1059 CAF 17-01440

[*1]IN THE MATTER OF JOSE M. VALENTIN, PETITIONER-APPELLANT,
v
NEYDA R. MENDEZ, RESPONDENT-RESPONDENT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR PETITIONER-APPELLANT. 
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-RESPONDENT.
CHRISTINE F. REDFIELD, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Thomas Polito, R.), entered July 10, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole custody of the subject child and directed that petitioner's visitation with the child be supervised. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner father appeals from an order modifying the parties' existing custody arrangement by awarding sole legal custody of the subject child to respondent mother and directing that the father's visitation with the child be supervised.
We reject the father's contention that Family Court erred in permitting the testimony of a nurse with respect to the cause of the child's injuries. "It is well established that [t]he determination whether to permit expert testimony is a mixed question of law and fact addressed primarily to the discretion of the trial court" (Likos v Niagara Frontier Tr. Metro Sys., Inc., 149 AD3d 1474, 1475 [4th Dept 2017] [internal quotation marks omitted]). Here, the nurse testified that she was licensed as a registered nurse and was certified as a sexual assault nurse examiner. She further testified that she had performed between 30 and 40 sexual assault examinations on children since receiving her certification and had also been training other nurses to be sexual assault nurse examiners. Consequently, we conclude that the court did not abuse its discretion in determining that the nurse was qualified to render a medical opinion (see Matter of Deseante L.R. [Femi R.], 159 AD3d 1534, 1535 [4th Dept 2018]; People v Johnson, 153 AD3d 1606, 1606 [4th Dept 2017], lv denied 30 NY3d 1020 [2017]; Matter of April WW. [Kimberly WW.], 133 AD3d 1113, 1116 [3d Dept 2015]). To the extent that the father contends that the methods used to identify the causes of the child's injuries are not generally accepted within the scientific community, we conclude that his contention is not preserved for our review (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
With respect to the court's award of sole legal custody to the mother, we conclude that the court failed to set forth " those facts upon which the rights and liabilities of the parties depend' " (Matter of Russell v Banfield, 12 AD3d 1081, 1081 [4th Dept 2004]), specifically its "analysis of those factors that traditionally affect the best interests of a child" (Matter of Graci v Graci, 187 AD2d 970, 971 [4th Dept 1992]). "[E]ffective appellate review . . . requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses" (Matter of Langdon v Langdon, 137 AD3d 1580, 1581 [4th Dept 2016] [internal quotation marks omitted]; see Russell, 12 AD3d at 1081; Graci, 187 AD2d at 971-972). We therefore hold the case, reserve decision and remit the matter to Family Court to [*2]set forth its factual findings.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court