Matter of Cooley v Roloson (2022 NY Slip Op 00534)





Matter of Cooley v Roloson


2022 NY Slip Op 00534


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


13 CAF 20-00838

[*1]IN THE MATTER OF STEVEN L. COOLEY, PETITIONER-APPELLANT,
v
REBECCA A. ROLOSON, RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 






CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.
KEITH R. LORD, PHELPS, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Seneca County (Jason L. Cook, A.J.), entered July 7, 2020 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the matter is remitted to Family Court, Seneca County, for further proceedings in accordance with the following memorandum: Petitioner father appeals in appeal No. 1 from an order granting respondent mother's motion to dismiss his petition alleging that the mother violated an order of custody and visitation entered upon the consent of the parties. The father appeals in appeal No. 2 from an order that granted the mother's motion to dismiss the father's petition seeking modification of the same order of custody and visitation.
In appeal No. 1, we reject the father's contention that Family Court erred in granting the motion to dismiss his violation petition. The court properly determined that the father failed to establish by clear and convincing evidence that the mother violated the terms of the custody order with respect to the child's school (see generally Matter of Mauro v Costello, 162 AD3d 1475, 1475-1476 [4th Dept 2018]).
In appeal No. 2, we agree with the father that the court erred in granting the mother's motion to dismiss the modification petition on the ground that the father failed to meet his burden of establishing a change in circumstances sufficient to warrant an inquiry into whether modification of the custody and visitation arrangement is in the best interests of the child (see Matter of Amrane v Belkhir, 141 AD3d 1074, 1075-1076 [4th Dept 2016]). "[A]lteration of an established custody [and visitation] arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (Matter of Amy L.M. v Kevin M.M., 31 AD3d 1224, 1225 [4th Dept 2006]; see Matter of Higgins v Higgins, 128 AD3d 1396, 1396 [4th Dept 2015]; Matter of Connie L.C. v Edward C.B., 45 AD3d 1374, 1375 [4th Dept 2007]). Where, as here,
" 'a respondent moves to dismiss a modification proceeding at the conclusion of the petitioner's proof, the court must accept as true the petitioner's proof and afford the petitioner every favorable inference that reasonably could be drawn therefrom' " (Matter of Walters v Francisco, 63 AD3d 1610, 1611 [4th Dept 2009]). Here, the father testified that, at the time the order of custody and visitation was entered into and for a short time thereafter, the mother and the father were communicating effectively and, in addition to scheduled visitation, were able to agree to further overnight and weekend visitation. That arrangement subsequently changed, however, and the father could not get the mother to agree to any visitation time apart from his scheduled day. The father further testified that communication with the mother regarding additional visitation time essentially ended after he moved to a new home 30 miles away. Taking the father's [*2]testimony as true and considering the circumstances of the father's move and the development of "extreme acrimony between the parties," we conclude that the father met his burden of showing a change in circumstances warranting an inquiry into the best interests of the child (Matter of Skipper v Pugh, 128 AD3d 972, 972 [2d Dept 2015]; see Matter of Biernbaum v Burdick, 162 AD3d 1664, 1665 [4th Dept 2018]; see also Matter of Maher v Maher, 1 AD3d 987, 988 [4th Dept 2003]). Therefore, we reverse the order in appeal No. 2, deny the motion, reinstate the petition, and remit the matter to Family Court for a hearing to determine whether modification of the parties' existing order of custody and visitation is in the child's best interests.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court