Matter of Daniel P. (Donna P.) (2025 NY Slip Op 01370)

Matter of Daniel P. (Donna P.)

2025 NY Slip Op 01370

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-01820
 (Docket Nos. N-1971-24, N-1972-24)

[*1]In the Matter of Daniel P. (Anonymous). Administration for Children's Services, respondent; Donna P. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Yehuda S. (Anonymous). Administration for Children's Services, respondent; Donna P. (Anonymous), appellant. (Proceeding No. 2.)

Lauri Gennusa, Laurelton, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Diana Lawless of counsel), for respondent.
Irina Dularidze, Forest Hills, NY, attorney for the child Yehuda S.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated January 25, 2024. The order, insofar as appealed from, upon releasing the child Yehuda S. to the mother pending the determination of the proceedings, granted that branch of the petitioner's application which was to impose certain conditions upon the mother.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
After removing the subject children from the mother on an emergency basis pursuant to Family Court Act § 1024, the petitioner commenced these related proceedings pursuant to Family Court Act article 10. The petitioner alleged, inter alia, that the mother neglected her older child, Daniel P., by failing to provide him with medical and mental health care and that she derivatively neglected her younger child, Yehuda S. (hereinafter the younger child). Thereafter, the petitioner made an application, among other things, to release the younger child to the mother pending the determination of the proceedings, with certain conditions, including requiring the mother to cooperate with the petitioner by allowing announced and unannounced visits to her home and by executing HIPAA-compliant releases authorizing disclosure to the petitioner of certain medical records concerning the younger child. By order dated January 25, 2024, the Family Court, inter alia, granted that branch of the petitioner's application. The mother appeals, challenging the conditions the court imposed upon her.
"Where . . . the Family Court issue[s] an order temporarily releasing a child who is the subject of a neglect proceeding to a parent pending a final order of disposition, the order may include a direction for the parent to cooperate in making the child available for . . . visits by the child protective agency, including visits in the home," among other conditions that may serve the child's best interests (Matter of Lexis B. [Natalia B.], 206 AD3d 725, 726 [citation, alteration, and internal quotation marks omitted]; see Matter of Dazinee F. [Tashae T.], 223 AD3d 664, 664-665; Matter of Baby Boy D. [Adanna C.], 127 AD3d 1079, 1080-1081). Contrary to the contentions of the mother and the attorney for the younger child, the Family Court, upon releasing the younger child to the mother pending the determination of the proceedings, providently exercised its discretion in imposing the challenged conditions upon the mother (see Nicholson v Scoppetta, 3 NY3d 357, 378; Matter of Dazinee F. [Tashae T.], 223 AD3d at 664-665; cf. Matter of E.E. [Dania R.], 225 AD3d 457, 457).
The contentions of the mother and the attorney for the younger child that the petitions failed to state a cause of action are unpreserved for appellate review, since they "failed to move to dismiss the petition[s] or" to otherwise "raise the matter with the Family Court" (Matter of Deegan v Deegan, 35 AD3d 736, 737; see Matter of Christopher S. [Elizabeth S.], 155 AD3d 630, 631).
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court